DUNN BROTHERS, INC., ET AL. *v.* WANDA M. LESNEWSKY

HOUSE, C. J., SHAPIRO, LOISELLE, MACDONALD and BOGDANSKI, Js.

Argued January 3—decided February 6, 1973

*Michael E. Grossman,* for the appellant (defendant).

*Rolland Castleman,* with whom, on the brief, was *Jules A. Karp,* for the appellees (plaintiffs).

House, C. J. This is an appeal by the defendant from a judgment of the Superior Court which permanently enjoined her from interfering with the right of the three corporate plaintiffs to enjoy the use of a railroad spur track or siding running through her property. The court also awarded damages of $192 to the named plaintiff and refused the plaintiffs' prayer for a declaratory judgment.[1]

[1] The court seems to have been correct in declining to render a declaratory judgment. As its memorandum of decision indicates, there was no showing that all parties in interest were either represented or had reasonable notice of the action. See Practice Book § 309 (d). Since the plaintiffs' claim for injunctive relief was not merely ancillary to the declaratory judgment which they sought but an independent remedy, the court could properly grant the requested coercive relief. Practice Book § 310 (c).

The facts are not disputed. The three plaintiffs and the defendant each own one of four contiguous parcels of land in the town of South Windsor once belonging to a common grantor. A railway main line, formerly of the New York, New Haven and Hartford Railroad Company, now operated by the Penn Central Railroad Company, runs in a north-south direction parallel to the westerly boundary of the defendant's parcel. A spur track or siding runs from this main line in an easterly direction across the land of the defendant, through the land of the plaintiff Quinnipiac Industrial Corporation, north of and adjacent to land owned by the plaintiff Propane Gas Service, Inc., and thence through the land of the plaintiff Dunn Brothers, Inc. The siding had been in continuous use by the plaintiffs and their predecessors in title as an appurtenance to their respective parcels of land since at least 1915. In June, 1970, the defendant caused to be erected a barricade consisting of a fence and a locked gate over the track and thereby denied the plaintiffs use of the spur track and access by rail to their land.

Prior to 1956, Robert P. Clark, William O. Clark and George H. Clark were the owners as tenants in common of all the land now owned by the parties to this action. In 1956, the Clarks, by warranty deed, conveyed to the defendant a portion of the land adjacent to the main railroad line. This deed reserved several rights-of-way. Of importance to the present controversy is the following language: "Reserving the right to the use of the railroad track on the premises herein conveyed for and as an appurtenance to other land of the grantors adjoining on the east and the north of the above described premises." The "other land of the grantors" has passed by virtue of several deeds to the plaintiffs.

Each such deed contained language conveying rights-of-way and appurtenances.

The trial court concluded that the plaintiffs owned an easement both by grant and by necessity to use the spur track running across the defendant's land and that the defendant, therefore, acted wrongfully in causing the barricade to be erected. Based on the limited evidence offered on the issue of damages, the court awarded damages only to the named plaintiff and in the amount of $192 but permanently enjoined the defendant from maintaining any barrier over the track and in any manner interfering with the right of each of the plaintiffs to use the track. Of the five assignments of error, the sole claim pressed on appeal and, therefore, the only claim considered by this court is that the trial court erred in concluding that the right to use the spur track reserved by the grantors in 1956 was appurtenant rather than, as the defendant claimed, in gross so that it did not pass to the plaintiffs.

The defendant claims that the language reserving the right-of-way "for and as an appurtenance to other land of the grantors" reserved merely a personal right in the grantors that was not, and could not be, transferred to subsequent owners. She relies on a presumption that in the absence of specific words of inheritance, as "heirs and assigns," the reservation of an easement should be construed to be personal in nature. She also argues that since another clause in the same deed to her granted a right-of-way over other land of the grantors to the "grantee, her heirs and assigns," the absence of reference to heirs and assigns in the siding reservation in issue indicated an intent that the reservation was to be merely personal. With these contentions we do not agree.

The question of whether an easement runs with the land or is merely personal "is to be resolved by seeking the intent of the parties as expressed in the deed, and this intent is to be ascertained by reading the words of the deed in the light of the attendant circumstances." *Birdsey* v. *Kosienski,* 140 Conn. 403, 410, 101 A.2d 274. While it is true that the absence of words of inheritance may create a presumption that the easement was intended to be in gross; *Taylor* v. *Dennehy,* 136 Conn. 398, 402, 71 A.2d 596; that presumption will be defeated if, "from all the surrounding circumstances, it appears that . . . [to create a permanent easement] was the intention of the parties. *Knowlton* v. *New York, N.H. & H.R. Co.,* 72 Conn. 188, 192, 44 A. 8; *Chappell* v. *New York, N.H. & H.R. Co.,* 62 Conn. 195, 203, 24 A. 997." *Birdsey* v. *Kosienski,* supra.

This court has noted circumstances that may negate the force of the presumption. If the easement serves to enhance the value of the dominant estate, rather than merely to further the convenience of the grantor, the easement is generally considered to have been intended to be appurtenant. *Birdsey* v. *Kosienski,* supra, 411; *Carlson* v. *Libby,* 137 Conn. 362, 367, 77 A.2d 332; *Chappell* v. *New York, N.H. & H.R. Co.,* supra, 204–6; *Randall* v. *Latham,* 36 Conn. 48, 53–54. The trial court expressly found that the easement in issue here was of value to the land now owned by the plaintiffs.

A second significant test is whether the owner of the servient estate has recognized the right of subsequent owners of the dominant estate to exercise the easement. *Birdsey* v. *Kosienski,* supra; *Schroeder* v. *Taylor,* 104 Conn. 596, 603, 134 A. 63. The findings in this case disclose no effort made by

the defendant prior to 1970 to restrain the plaintiffs from using the track.

Finally, the language of the reservation itself strongly indicates that the easement was intended to run with the land: the easement was reserved "for and as an appurtenance to other land of the grantors," not just to the grantors themselves. The absence of words of inheritance assumes very little significance where the easement specifically is described as appurtenant to the land. The other rights-of-way created in the 1956 deed were either granted to "the grantee, her heirs and assigns," or reserved by the grantors for their use. No direct comparison of the language used in creating the easements, as urged by the defendant, serves to indicate that because of the inclusion of words of inheritance in one clause, and their omission in another, the intention of the parties was to create a purely personal right to use of the spur track. By definition, an appurtenant easement runs with the land rather than with any particular owner, and the phrase in a deed "with the appurtenances thereof" is sufficient to convey to a grantee rights-of-way appurtenant to the land conveyed. *Zavisza* v. *Hastings,* 143 Conn. 40, 46, 118 A.2d 902; *Schroeder* v. *Taylor,* supra, 601; see Restatement, 5 Property § 487, p. 3029.

We find no error in the conclusion of the trial court that the easement to use the railroad spur track which the grantors reserved in their deed to the defendant was an easement appurtenant to their land which ran with the land and passed to the plaintiffs and that they were entitled to the relief which the court granted.

There is no error.

In this opinion the other judges concurred.