ANNA D. LICHTEIG *v.* WILLIAM W. CHURINETZ ET AL.
(4025)

HULL, BORDEN and DALY, Js.

Argued November 14—decision released December 30, 1986

*Jonathan J. Einhorn,* with whom, on the brief, were *Merle Berke-Schlessel* and, on the brief, *Roberta S. Friedman,* for the appellants (defendants).

*Vincent P. Adley,* for the appellee (plaintiff).

HULL, J. This case involves a dispute over a nine foot right of way. The plaintiff, the owner of the servient estate, sought injunctive relief against the defendants William W. Churinetz (hereinafter the defendant), the owner of the dominant estate, and the estate of Joan M. Churinetz, for claimed misuse of the right of way. After a trial to the court, judgment was rendered for the plaintiff.

The court concluded as follows: (1) that the present use of the easement was unreasonable and overburdening; (2) that the defendant should be enjoined from using the easement except as access to and from the dominant estate, and by no more than two vehicles; (3) that the right of the defendant to use the easement for two vehicles was in the nature of a personal easement in gross; and (4) that the defendant should also be enjoined from using a three foot strip of land on the north side of the dominant estate. The defendant appealed, claiming that the court erred (1) in holding that the defendant's use of the nine foot easement was unreasonable, (2) in limiting the use of that easement, (3) in enjoining the defendant from interfering with the three foot right of way over the plaintiff's property when the plaintiff had not requested such relief, (4) in

granting injunctive relief to the plaintiff, and (5) in considering parol evidence when the terms of the easement were clear and unequivocal.

The court found the following facts which are not in dispute. The plaintiff is the owner of property known as 497 Ocean Avenue in the town of West Haven. The defendant is the owner of property known as 489 and 499 Ocean Avenue, West Haven. A well defined nine foot strip of land on the north side of the plaintiff's property serves as an easterly access route to the defendant's property at 499 Ocean Avenue and as access to a three foot passageway running from 499 Ocean Avenue to Long Island Sound.

The deed to 497 Ocean Avenue describes the property as having a nine foot strip of land on the north side of the property "subject to a right of way for all purposes, whatsoever, in, through, over and upon each and every portion of the same." The deed to 499 Ocean Avenue conveyed that right of way to the grantee. 499 Ocean Avenue is therefore the dominant estate and 497 Ocean Avenue is the servient estate.

The defendant and his adult daughter reside at 489 Ocean Avenue. That property has been owned and occupied by members of the defendant's family since 1967. The defendant owns the property at 499 Ocean Avenue and rents it to tenants. That property has been in the defendant's family since 1978. The yard at 499 Ocean Avenue, lying to the rear of that property, accomodates about ten automobiles, and is used for parking.

Until 1978, when 499 Ocean Avenue was purchased, the defendant's family parked cars on the public highway and did not use the easement. The easement was used only as access to 499 Ocean Avenue. In 1978, after purchasing 499 Ocean Avenue, the defendant's family began using the easement as access to 489 Ocean Ave-

nue as well as to 499 Ocean Avenue. On any given day, five to seven automobiles used the easement to gain access to the two properties owned by the defendant. The defendant's first claim is that the trial court erred in finding that the use of the easement was unreasonable. His second claim is that the court erred in limiting the use of the easement. The defendant's fourth claim is that the court erred in granting injunctive relief. As these three claims are related, we will consider them together.

The court found that "[t]he traffic on the nine foot easement has increased materially since 1978. There are two automobiles connected with the occupants of Parcel 499. There appear to be four cars related to the defendant and family residing on Parcel 489. The easement on the plaintiff's land has been accomodating these vehicles in addition to those of visitors, guests, and service persons of the defendants and of their tenants on Parcel 499. A daily average of the number of cars using the easement and parking on Parcel 499 appears to be from five to seven automobiles . . . . On special occasions, such as parties and in the summer time, the number of vehicles parked on Parcel 499 has been known to number as many as fourteen." The court went on to state that "it is an overburden of said easement on the plaintiff's land and an excess and unreasonable use of it for the parking on said premises on Parcel 499 of any motor vehicle belonging to any person or party other than the residential occupants except [for two vehicles belonging to the defendant.]" The court also stated that the defendant's right to use the driveway for the two vehicles is an easement in gross, and will not run with the property. We disagree.

"The issue of reasonable use is a question of fact to be determined on a case by case basis, considering all the relevant circumstances, including such factors as

the amount of harm caused, its foreseeability, the purpose or motive with which the act was done, and the consideration of whether the utility of the use of the land outweighed the gravity of the harm resulting." *Peterson* v. *Oxford,* 189 Conn. 740, 745, 459 A.2d 100 (1983). The right of way in this case is one created by grant and not by prescription, the latter being more limited in nature. See *Birdsey* v. *Kosienski,* 140 Conn. 403, 412, 101 A.2d 274 (1953). Moreover, it is one created in general terms and without any restrictions on its use. Such a grant is to be construed as broad enough to permit any use which is reasonably connected with the reasonable use of the land to which it is appurtenant. The reasonable uses of the dominant estate in connection with which the easement may be used are not limited to those to which the land was being put when the easement was granted. Id., 412–13; see also *Mackin* v. *Mackin,* 186 Conn. 185, 190, 439 A.2d 1086 (1982).

Our courts have upheld as reasonable uses which were not contemplated by the original grant. A new sand and gravel business was held to be reasonably utilizing an easement even when the business had not been contemplated by the grant. *Birdsey* v. *Kosienski,* supra. Our Supreme Court also held reasonable the increased vehicular use of an easement for truck loading and unloading, despite the original grant referring only to farming uses. *Connecticut Light & Power Co.* v. *Holson Co.,* 185 Conn. 436, 443–44, 440 A.2d 935 (1981). In the present case, the use that was deemed unreasonable was in fact contemplated by the original grant. The deed contemplated access to and from a residential dwelling. That is the only use that has ever been made of the property. The minimal amount of harm that might have been done by the additional traffic over the years was foreseeable, and the utility outweighed any burden to the plaintiff. From the facts

found by the trial court, we find that the result reached was erroneous. We conclude that the defendant's use of the easement as access to and from 499 Ocean Avenue was reasonable.

We also disagree with the court's ruling that the easement was in gross. " 'An easement in gross belongs to the owner of it independently of his ownership or possession of any specific land. Therefore, in contrast to an easement appurtenant, its ownership may be described as being personal to the owner of it.' Restatement, 5 Property § 454, comment a." *Saunders Point Assn., Inc.* v. *Cannon,* 177 Conn. 413, 415, 418 A.2d 70 (1979). Whether an easement in a given case is appurtenant or in gross depends mainly on the nature of the right and the intention of the parties creating it. If an easement is in its nature an appropriate and useful adjunct to the land conveyed, having in view the intention of the parties as to its use, and there is nothing to show that the parties intended it to be a mere personal right, it should be held to be an easement appurtenant and not an easement in gross. *Birdsey* v. *Kosienski,* supra, 410; 25 Am. Jur. 2d, Easements and Licenses § 13; see also *Dunn Bros., Inc.* v. *Lesnewsky,* 164 Conn. 331, 335, 321 A.2d 453 (1973).

The easement in the present case is by its nature an appropriate and useful adjunct to the land. It provides access to and from the dominant property. There is nothing to show that the parties intended it to be a mere personal right. We therefore conclude that the easement is appurtenant.

We agree with the trial court, and the parties do not dispute, that the easement runs only to those using 499 Ocean Avenue, the dominant estate with respect to the easement. An easement cannot be used for the benefit of land other than the dominant estate. *Curtin* v. *Franchetti,* 156 Conn. 387, 389, 242 A.2d 725 (1968).

The occupants of 489 Ocean Avenue are therefore not entitled to use the easement as access to that property.

"We have repeatedly held that the issuance of an injunction rests in the sound discretion of the trial court. *O'Neill* v. *Carolina Freight Carriers Corporation,* 156 Conn. 613, 618, 244 A.2d 372 (1968) . . . ." (Citations omitted.) *Berin* v. *Olson,* 183 Conn. 337, 340, 439 A.2d 357 (1981). A court's action in this respect will not be disturbed unless it was an abuse of discretion. *Connecticut Light & Power Co.* v. *Holson Co.,* supra, 440. Since we have found that the court erred in finding that the use of the easement as access to 499 Ocean Avenue was unreasonable, but that the court properly granted an injunction as to 489 Ocean Avenue, we uphold the injunctive relief granted only as to 489 Ocean Avenue.

The defendant's third claim is that the court erred in enjoining the defendants from interfering with a three foot right of way on the north side of 499 Ocean Avenue when that claim was not raised by the plaintiff. The parties agree that the granting of an injunction concerning the three foot right of way was error. We agree. The plaintiff's amended complaint deleted the original request for injunctive relief relating to the three foot right of way over 499 Ocean Avenue. "The filing of [an] amended pleading is a withdrawal of the original pleading. *Rossignol* v. *Danbury School of Aeronautics, Inc.,* 154 Conn. 549, 554, 227 A.2d 418 [1967] . . . ." (Citations omitted.) *Royce* v. *Westport,* 183 Conn. 177, 179, 439 A.2d 298 (1981). The plaintiff did not pursue such a request for relief, and relief therefore should not have been granted.

The defendant's final claim is that the court erred in admitting parol evidence as to the meaning of the language granting the easement. In view of our disposition in this case, we do not reach this issue.

There is error in part, the judgment granting an injunction as to the use of the nine foot right of way as access to 499 Ocean Avenue and as to the three foot right of way is set aside, and the case is remanded with direction to modify the judgment accordingly.

In this opinion the other judges concurred.