[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In the above matter the plaintiff, owner of a parcel of land in East Lyme, sought a declaratory judgment and other relief with respect to their claim of right to use an easement over land owned by the defendants. The defendants filed an answer and counterclaim wherein they sought, inter alia, an injunction against the plaintiff prohibiting the plaintiff from exercising rights in the easement in excess of the limit thereto as claimed by the defendants. The overriding issue in both pleadings is whether the plaintiff's rights in the easement include the installation of water pipes to service a building on land served by the easement.
The parties were heard at trial, following which the Court found the issues for the plaintiff on the complaint and on the counterclaim and rendered judgment accordingly.
Following entry of judgment, the Court vacated the judgment suo moto after a review of the file showed that there were certain persons who had not been given notice but who apparently had an interest in the easement area.
Subsequent thereto, the plaintiff cited in several persons who claimed an interest in the subject easement but who admitted the allegations of the complaint.
However, the Court is not persuaded that all of the parties in interest have either been cited in or have received notice thereof. Practice Book section 390(d). Accordingly, the Court has denied the plaintiff's motion to reinstate the previous judgment.
Finding that it was in error in rendering judgment for the plaintiff which included declaratory relief, the Court hereby modifies its judgment as follows. (See Sibley v. Middlefield, 143 Conn. 100, 109):
1. The relief claimed in paragraphs 1 and 2 of the complaint is denied, the case against said defendants having been withdrawn.
2. The relief claimed in paragraphs 3 and 4 is denied, the plaintiff having failed to establish the required notice of parties.
3. The relief claimed in paragraphs 5 and 6 is denied for lack of proof.
4. The relief claimed in paragraph 7 is denied. Practice Book section 392. CT Page 3978
5. As to paragraph 8, the Court finds that such a prayer will support a finding that the plaintiff is entitled to a permanent injunction enjoining the defendants from interfering any of the activities the plaintiff has undertaken as described in the previous memorandum of decision, such being necessary to the reasonable enjoyment of the premises served by the subject easement, as well as any future activities the plaintiff may undertake with respect to such land as may be reasonably necessary for the reasonable enjoyment of the right of way, such injunction to be binding on the defendants herein, their heirs and assigns. See Cottrell v. Cottrell, 106 Conn. 411, 420, 421 ; Balzano v. Balzano, 135 Conn. 584, 590; Chiarell v. Pentino, 100 Conn. 686,689. See also Dunn Brothers Inc. v. Lesnewsky, 164 Conn. 331,332 n. 1. See Practice Book section 310(c). See also Pellegrino v. O'Neill, 193 Conn. 670, 692 (Peters, J. dissenting); Seymour Housing Authority Tenants Association v. Housing Authority, 18 Conn. App. 393, 402, 403. The issue in both the complaint and the counterclaim was the extent of use that the plaintiff could make of its easement in the defendants' land. There was no surprise to the defendants, and the relief was not incidental to the request for a declaratory judgment. See, e.g., Clough v. Wilson, 170 Conn. 548, 556 and cases cited.
The Court further finds the issues for the plaintiff on the defendants' counterclaim.
Judgment may enter accordingly.
Burns, J.