[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM ON DEFENDANT TALCOTT MOUNTAIN SCIENCE CENTER'S MOTION TO STRIKE COUNTS ONE, TWO AND THREE
In oral argument before the court, counsel conceded that the motion to strike count one should be denied. Accordingly, the court considered only the defendant's motion to strike counts two and three.
The plaintiff Abington Limited Partnership is the fee simple owner and is in possession of a certain piece of real property located in Avon and Bloomfield. The defendant Talcott Mountain Science Center is the owner of certain real property located near the Abington property and herein described as the CT Page 7863 Avon parcel. The quitclaim deed by which the Science Center acquired the Avon parcel also granted to the Science Center a specifically described pole line easement over the Abington property. However, the Science Center was not granted a pole line easement over the Abington property to reach property adjacent to Abington's which the Science Center acquired from the state and which is referred to as the state parcel. The Science Center has no legal rights from any source whatsoever to use a pole line easement to service the state parcel.
The second count of the plaintiff's complaint alleges that the Science Center's use of a pole line easement serving the Avon parcel for the purpose of obtaining electrical service for the state parcel constitutes a misuse and abuse of the pole line easement over the Abington parcel. Count three of the complaint alleges that the defendant Science Center is erecting a structure upon the state parcel. As such, it is allegedly using the pole line easement over the Abington properly to supply electrical power in connection with construction activities. Upon information and belief, the plaintiff alleges that the Science Center is contemplating the sale of a portion of the state parcel to a third party, for purposes that will unreasonably and materially increase the usage of the pole line easement. Similarly, it is also alleged that the defendant is contemplating use of a structure now being built upon the state parcel for purposes that will unreasonably and materially increase the use of the pole line easement. These uses allegedly constitute an overburdening of the pole line easement across the Abington property. It is further alleged that the plaintiff has no adequate remedy at law and will suffer irreparable harm if the Science Center is permitted to overburden its pole line easement over the Abington property.
The defendant has now moved to strike counts two and three. The motion to strike tests the legal sufficiency of a pleading. Ferryman v. Groton, 212 Conn. 138, 142 (1989). It admits all facts well-pleaded and those facts necessarily implied from the allegations of the complaint. Id.
The defendant first seeks to strike the second count (misuse) on the grounds that it is duplicative of the third count (overburdening). However, a reading of the complaint shows that the alleged misuse and the alleged overburdening of the easement rely on separate factual allegations. Therefore, count two cannot be stricken for the reason stated by the defendant.
The defendant claims that both counts two and three I of the complaint should be stricken for failure to sufficiently allege claims of misuse and overburdening, respectively. "The CT Page 7864 issue of reasonable use [of an easement] is a question of fact to be determined on a case-by-case basis, considering all the relevant circumstances, including such factors as the amount of harm caused, its forseeability, the purpose or motive with which the act was done, and the consideration of whether the utility of the use of the land outweighed the gravity of the harm resulting." Lichteig v. Churinetz, 9 Conn. App. 406,409-10 (1986) quoting Peterson v. Oxford, 189 Conn. 740, 745
(1983) (emphasis added). A question of fact is not properly decided on a motion to strike. McCarthy v. New Britain,22 Conn. Sup. 456, 457 (1961). Moreover, viewed most favorably to the pleader, the plaintiff has alleged harm in that the defendant is using the easement to supply electrical power in connection with the construction activities on the additional parcel.
For the reasons stated, defendant Talcott Mountain Science Center's motion to strike counts one, two and three is denied.
JOSEPH H. GOLDBERG SENIOR JUDGE