ROBERT CIOFFOLETTI ET AL. *v.* PLANNING
AND ZONING COMMISSION OF THE TOWN
OF RIDGEFIELD ET AL.
(12691)

DUPONT, C. J., FOTI, LAVERY, LANDAU and SCHALLER, Js.

Considered February 3—decision released June 3, 1994

*Thomas W. Beecher,* in favor of the motion.
*Melvin J. Silverman,* in opposition to the motion.

PER CURIAM. The plaintiffs, Robert and Catherine Cioffoletti, have filed a motion for review of the trial

court's decision granting the motion filed by the defendant planning and zoning commission of the town of Ridgefield (commission) to correct the judgment file. The plaintiffs had filed an appeal from the denial of their motion for contempt that was based on the commission's alleged failure to comply with the judgment sustaining their prior appeal. The commission filed a motion to dismiss the plaintiffs' appeal as moot in light of the trial court's correction of the judgment file. The central question raised by the motion for review and the motion to dismiss the appeal is whether the trial court properly corrected a clerical error in a judgment file after the expiration of the four month period to open judgments.[1] We conclude that the trial court's action was clerical; therefore, the motion for review is granted but any relief is denied, and the motion to dismiss the appeal as moot is granted.

This case was previously before this court. The plaintiffs brought an administrative appeal from the commission's amendment of its zoning regulations to add a new section. That provision, § 306, would have required the plaintiffs to obtain a special permit to continue the lawful nonconforming use of their property for gravel mining operations. In 1990, the trial court, *West, J.,* held that § 306.O.H. of the Ridgefield zoning regulations exceeded the accepted policy of preventing the extension of nonconforming uses and was an attempt to prohibit an established nonconforming use. This court affirmed that judgment. *Cioffoletti* v. *Planning & Zoning Commission,* 24 Conn. App. 5, 584 A.2d 1200 (1991). Subsequently, the defendant adopted another amendment to the same regulation.

---

[1] Practice Book § 326 provides in pertinent part: "Unless otherwise provided by law and except in such cases in which the court has continuing jurisdiction, any civil judgment or decree rendered in the superior court may not be opened or set aside unless a motion to open or set aside is filed within four months succeeding the date on which it was rendered or passed."

On January 8, 1993, the plaintiffs moved to have the commission found in contempt on the basis of the following statement in the original judgment file: "The Court finds the issues for the Plaintiffs." The plaintiffs argued that the commission had adopted a regulation that again purported to require the plaintiffs to apply for a permit in order to continue a nonconforming use. The plaintiffs alleged that the adoption of such a regulation was contrary to and in contempt of the initial judgment of the trial court as evidenced by the judgment file and this court's affirmance.

On June 11, 1993, the trial court, *McGrath, J.*, concluded that the judgment was accurately set out in the memorandum of decision and not in the judgment file prepared by the commission and signed by the clerk of the court. The court found, on the basis of the language of the memorandum of decision, that the commission was not in contempt because no court order had prohibited amendment of the regulation.

On June 14, 1993, the plaintiffs filed a petition for certification seeking to appeal from the trial court's judgment. On July 7, 1993, this court dismissed the petition without prejudice to the plaintiffs' filing a late appeal on or before July 28, 1993.[2] The plaintiffs filed this appeal on July 26, 1993, challenging the trial court's interpretation of the 1990 judgment.

On June 18, 1993, the commission filed a motion to correct the judgment file, claiming that it did not reflect the judgment as indicated in the memorandum of decision. On September 2, 1993, the commission filed a motion for rectification asking the trial court to correct the judgment to reflect that the other issues

[2] The plaintiffs were not required to file a petition for certification in this matter because the appeal was taken from the denial of a motion for contempt and not from a zoning decision requiring certification pursuant to General Statutes § 8-8.

asserted by the plaintiffs were not decided in their favor and requesting resolution of the motion to correct.

On October 8, 1993, the trial court, *West, J.,* granted the commission's motion to correct the judgment file to reflect the judgment of the court as stated in the memorandum of decision.[3] In granting the motion to correct, the trial court relied on its initial memorandum of decision and on a memorandum issued by it in response to the commission's request for articulation in the prior appeal. The court noted that, although the judgment file states that " '[t]he Court finds the issues for the Plaintiffs,' the Memorandum of Decision correctly represents the actual decision of the court, and that decision does not prohibit the defendant from enacting an amendment to section 306.O.H. Consequently, the defendant's motion to correct the judgment file is granted."

The plaintiffs timely filed this motion for review of the trial court's decision on the motion to correct.[4] Although the motion to correct in this matter was filed prior to the actual filing of the appeal, it was filed after the plaintiffs had filed their petition for certification, while it was pending, and before this court had dismissed the petition as unnecessary. After the appeal had been properly filed pursuant to this court's order, the trial court issued its decision granting the motion to correct and the motion for review was filed. Limited to the unusual procedural circumstances of this case, this court will review the trial court's decision on the motion to correct.

---

[3] The trial court also granted the motion for rectification. No motion for review was filed concerning the granting of the motion for rectification.

[4] Notice of the trial court's decision to grant the motion to correct was issued on October 12, 1993. The motion for review was filed October 19, 1993. Pursuant to Practice Book § 4053, a motion for review of any order relating to the perfecting of the record for the appeal shall be filed within ten days from the issuance of notice of the order sought to be reviewed.

The plaintiffs contend that the trial court's correction of the judgment file was improper because it occurred more than four months after the judgment entered and substantively altered a judgment affirmed by this court. They also claim that the trial court has improperly used an articulation to change the basis of the prior decision. See *Koper* v. *Koper,* 17 Conn. App. 480, 484, 553 A.2d 1162 (1989).

A trial court possesses the power to modify substantively its own judgment within four months succeeding the date on which it was rendered or passed. *State* v. *Wilson,* 199 Conn. 417, 437, 513 A.2d 620 (1986). A court may correct a clerical error at any time, even after the expiration of the four month period. *Blake* v. *Blake,* 211 Conn. 485, 495, 560 A.2d 396 (1989).

"In civil matters, the preparation of the judgment file is a clerical matter; the written judgment relates back to the filing of the memorandum." *State* v. *Nardini,* 187 Conn. 109, 127, 445 A.2d 304 (1982). "A clerical error is a mistake or omission in a judgment which is not the result of the judicial function. Such a claimed error does not challenge the court's ability to reach the conclusion that it did reach, but involves the failure to preserve or correctly represent in the record the actual decision of the court. 46 Am. Jur. 2d, Judgments § 202." *Ravizza* v. *Waldie,* 3 Conn. App. 491, 493, 490 A.2d 90 (1985).

In this case, the judgment file did not accurately reflect the memorandum of decision of the trial court and the unchallenged articulation of that decision in the prior appeal. The original decision of the trial court dated March 16, 1990, stated that "section 306.O.H. is illegal because it attempts to prohibit an established nonconforming use. Inasmuch as this determination is dispositive of the instant appeal, a discussion of the other grounds raised by the plaintiffs is unnecessary.

Consequently, the plaintiffs' appeal is sustained." The judgment file stated: "The Court finds the issues for the Plaintiffs." An articulation by the trial court, filed within four months of its decision, stated that it "declined to hold that the entire section 306 of the Ridgefield zoning regulations is invalid."[5]

The trial court corrected the judgment file to reflect the substance of its memorandum of decision. Under these circumstances, the trial court's correction of the judgment file was a clerical function and not a substantive judicial change. The plaintiffs' motion for review is granted but any relief is denied.

In light of our finding that the correction of the judgment file was proper, we conclude that the defendant's motion to dismiss the plaintiffs' appeal based on mootness should be granted. The plaintiffs' motion for contempt relied on the language of the original judgment file indicating that all issues were decided in their favor. The basis for the plaintiffs' motion and their arguments in support of their appeal have been rendered moot. This court can give no practical relief in these circumstances and, accordingly, the defendant's motion to dismiss is granted. *Reynolds* v. *Vroom,* 130 Conn. 512, 515, 36 A.2d 22 (1944).

The appeal is dismissed as moot.

---

[5] The memorandum of decision dated July 31, 1990, stated in pertinent part that "the court has declined to hold that the entire section 306 of the Ridgefield zoning regulations is invalid. The court's holding that section 306.O.H. is illegal has been dispositive of plaintiffs' appeal; therefore, a discussion of the validity of other subsections of section 306 is unnecessary."