RICHARD BOTTASS *v.* ROBERT BOTTASS ET AL.
(13450)
(14100)

Lavery, Heiman and Stoughton, Js.

Argued December 11, 1995—decision released March 26, 1996

*Karen L. Murdoch*, with whom were *John A. Reed* and, on the brief, *Wesley W. Horton* and *Cristin L. Rothfuss* and *Michael S. Taylor*, certified legal interns, for the appellant-appellee (plaintiff).

*Norman J. Voog*, with whom, on the brief, was *Christopher J. Molyneaux*, for the appellees-appellants (defendant Judith Bekasi et al.).

LAVERY, J. The defendants Judith Bekasi and John Bekasi[1] appeal from the trial court's refusal to grant the defendants' postjudgment motion to correct the judgment file. On appeal, the defendants claim that the trial court improperly refused to correct the judgment file that did not conform to the trial court's previous oral memorandum of decision. The plaintiff, Richard Bottass, appeals from the judgment of the trial court granting the defendants' motion for an order compelling the plaintiff to remove his vehicles from a common driveway and parking area so that it could be repaired. On appeal, the plaintiff claims (1) that the trial court did not have jurisdiction to grant the defendants' motion, and (2) that the defendants' motion was an improper collateral attack on the trial court's underlying judgment. We conclude that the trial court improperly refused to grant the defendants' motion to correct the judgment file and was without jurisdiction to grant the defendants' motion for an order compelling the plaintiff to remove his vehicles.

This case arises out of extensive litigation concerning the parties' rights to a common driveway and parking area located on the defendants' property. The plaintiff and the defendants are owners of adjoining property in Torrington. The plaintiff's west property line borders the defendants' east property line. In 1969, the plaintiff built a common driveway that runs along the property line and ends at a parking area. The entire driveway and parking area is located on the defendants' property. Since 1972, both the plaintiff and the defendants have used this driveway to access their homes. The defendants' driveway branches off the mutual driveway before the parking area, and the plaintiff has used the parking area to park his vehicles.

---

[1] The plaintiff's six count amended complaint also named Robert Bottass and David Bottass as defendants. Only the claims against Judith Bekasi and John Bekasi are relevant to this appeal. We refer in this opinion to the Bekasis as the defendants.

The second and sixth counts of the plaintiff's amended complaint allege that the plaintiff has prescriptive rights to this driveway and parking area, as well as to certain lawns and a stone drain. The defendants filed a counterclaim alleging trespass by the plaintiff. On July 2, 1991, the trial court issued an oral memorandum of decision finding for the plaintiff on the second and sixth counts in part, and against the defendants on their counterclaim.[2] In its memorandum of decision, the trial court found that the plaintiff holds a prescriptive easement over the driveway and parking area, that the plaintiff has the right to park vehicles in the parking area, and that no obstruction should be made to the use of the parking area.[3]

On September 28, 1992, the trial court heard arguments from both counsel regarding a judgment file, and each party submitted a proposed judgment file.

[2] All other claims in the plaintiff's complaint were subsequently withdrawn.

[3] The trial court's oral memorandum of decision states: "On the second count, the plaintiff asks that a decree enter by this court that the turnaround located at the tip of the driveway is part and parcel of a mutual driveway between the parties. The court finds as a matter of fact, upon reason of the actions of the parties, that the right-of-way as set forth and shown on exhibit one defines the easement, including the parking area outside of the plaintiff's home. The court finds its use of that property will include the right to park vehicles thereon. The court further finds no right to approach the other side of the defendants' property as he has a right to pass to the parking area. No obstruction should be made to the use of the parking area. The plaintiff also asks for contribution by the defendants for moneys used for creation of the driveway. There is not sufficient evidence. The court finds in favor of the defendants. An order requesting the defendant to remove shrubs and other obstacles from the driveway turnaround that is on the defendants' property is denied.

"On the sixth count of the complaint, there is a request that the court decree that the lawn to the east and north of the driveway, the curtain drain to the north of said driveway, and the parking area is owned by the plaintiff through adverse possession. The court finds it is not owned by the plaintiff. However, the plaintiff has the right to have the curtain drain remain on the property with no interference while under construction. On the counterclaim, the court finds the issues for the plaintiff, the plaintiff shall recover costs."

Sometime thereafter, the trial court signed the judgment file prepared by plaintiff's counsel. The signed judgment file states that the plaintiff's use of the easement includes the *exclusive* right to park on the turnaround and parking area, and no obstruction to this use will be made. The judgment file also states that the "[d]efendants have no right of passage through or across the . . . parking area and turnaround or any other right of access to said area."

On July 16, 1993, the defendants filed a motion asking the trial court to order the plaintiff to remove all motor vehicles from the driveway and parking area so that the defendants could make repairs. On November 1, 1993, the trial court granted the defendants' motion and the plaintiff appealed. The defendants filed a motion to correct the judgment file on November 23, 1993. On April 25, 1994, the trial court denied this motion and the defendants appealed.

I

The defendants first claim that the trial court improperly denied their motion to correct the judgment file. The defendants argue that the language in the judgment file grants the plaintiff rights to the property beyond those granted by the trial court's oral memorandum of decision and should be corrected to conform to the actual judgment rendered. We agree with the defendants that the trial court improperly denied their motion and conclude that the oral memorandum of decision represents the trial court's judgment.

In its oral memorandum of decision, the trial court found that the plaintiff has a prescriptive easement over the driveway and the right to park vehicles in the parking area. Nothing in the memorandum of decision prohibits the defendants from using the driveway or parking area. The judgment file, however, states that "[t]he plaintiff's use includes the exclusive right to park

on the above described turnaround and parking area and no obstruction to the use of said area will be made." The judgment file also states that the "[d]efendants have no right of passage through or across the above parking area and turnaround or any other right of access to said area."

The language used by the trial court in its memorandum of decision cannot be construed to grant the plaintiff exclusive access to the parking area. "An easement created by prescription is more limited than an easement by grant. *Lichteig* v. *Churinetz*, 9 Conn. App. 406, 410, 519 A.2d 99 (1986). [W]hen an easement is established by prescription, the common and ordinary use which establishes the right also limits and qualifies it. . . . The use of an easement must be reasonable and as little burdensome to the servient estate as the nature of the easement and the purpose will permit. . . . *Kuras* v. *Kope*, 205 Conn. 332, 341, 533 A.2d 1202 (1987)." (Internal quotation marks omitted.) *McCullough* v. *Waterfront Park Assn., Inc.*, 32 Conn. App. 746, 756, 630 A.2d 1372, cert. denied, 227 Conn. 933, 632 A.2d 707 (1993). "The possessor of land subject to an easement created by prescription is privileged, as against the owner of the easement, to make such uses of the servient tenement as are not incompatible with the use authorized by the easement." 5 Restatement, Property § 481 (1944). We conclude that the trial court's oral memorandum of decision does not grant the plaintiff exclusive access to the parking area, and that the judgment file, therefore, does not accurately reflect the trial court's judgment.

"A trial court possesses the power to modify substantively its own judgment within four months succeeding the date on which it was rendered or passed. *State* v. *Wilson*, 199 Conn. 417, 437, 513 A.2d 620 (1986). A court may correct a clerical error at any time, even after the expiration of the four month period. *Blake* v. *Blake*, 211 Conn. 485, 495, 560 A.2d 396 (1989).

" 'In civil matters, the preparation of the judgment file is a clerical matter; the written judgment relates back to the filing of the memorandum.' *State* v. *Nardini*, 187 Conn. 109, 127, 445 A.2d 304 (1982). 'A clerical error is a mistake or omission in a judgment which is not the result of the judicial function. Such a claimed error does not challenge the court's ability to reach the conclusion that it did reach, but involves the failure to preserve or correctly represent in the record the actual decision of the court. 46 Am. Jur. 2d, Judgments § 202.' *Ravizza* v. *Waldie*, 3 Conn. App. 491, 493, 490 A.2d 90 (1985)." *Cioffoletti* v. *Planning & Zoning Commission*, 34 Conn. App. 685, 689, 642 A.2d 1220, cert. denied, 230 Conn. 916, 645 A.2d 1018 (1994).

We hold that the trial court improperly refused to grant the defendants' motion to correct the judgment file. The trial court lacked power to make substantive changes to its judgment when it signed the judgment file presented by the plaintiff's counsel. When the trial court signed the judgment file, it was required to conform the judgment file to its oral memorandum of decision. We conclude that the trial court was obligated to correct clerical errors in the judgment file so that it was consistent with its oral memorandum of decision.

II

The plaintiff raises two claims with respect to the trial court's order compelling the plaintiff to remove his vehicles so that the driveway and parking area could be repaired. The plaintiff argues that the trial court did not have jurisdiction to grant the defendants' motion for this order, and the defendants' motion was a collateral attack on the July 2, 1991 judgment. We agree with the plaintiff and conclude that the trial court was without jurisdiction to grant the defendants' motion.

The plaintiff's claim is that the defendants' motion was essentially a motion to open the judgment, and that

the trial court was without jurisdiction to open the judgment after the four month period permitted by General Statutes § 52-212a. The trial court found that the plaintiff had acquired a prescriptive easement over the driveway and parking area, and, as outlined previously, the trial court's judgment did not grant the plaintiff exclusive access to the property. The trial court also rendered judgment against the defendants on their counterclaim that sought to enjoin the plaintiff from using the driveway and parking area.

The trial court was without jurisdiction to grant the defendants' motion. A trial court has jurisdiction to enter postjudgment remedial orders to protect the integrity of its prior judgment only when the court has continuing jurisdiction. *Connecticut Pharmaceutical Assn., Inc.* v. *Milano*, 191 Conn. 555, 563–64, 468 A.2d 1230 (1983); *Hall* v. *Dichello Distributors, Inc.*, 14 Conn. App. 184, 192, 540 A.2d 704 (1988). Absent continuing jurisdiction, a trial court lacks jurisdiction to open its judgment and order additional remedies after the four month period has expired. General Statutes § 52-212a. We conclude, therefore, that the trial court improperly granted the defendants' motion compelling the plaintiff to remove his vehicles.

The judgment of the trial court is reversed and the case is remanded for further proceedings consistent with this opinion.

In this opinion the other judges concurred.