[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiffs Walter Odajynk-Odesmith and Katharine W. Odesmith brought this action against the defendants Chandler B. Saint and State of Connecticut Historical Commission (historical commission) seeking a temporary and permanent injunction precluding the defendants from proceeding with any development of a certain piece of property until CT Page 6030 certain conditions have been met. Upon the institution of the action the plaintiffs filed an application for a temporary injunction with an order to show cause why the injunction should not issue. Prior to the show cause hearing date, the defendant Saint filed this motion to dismiss dated March 13, 2000.[1] The plaintiff filed a memorandum in opposition and the motion was heard on April 3, 2000.
In its motion, the defendant Saint argues that the action against him must be dismissed because it is not ripe for adjudication so the court lacks subject matter jurisdiction. "A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.) Gurliacci v. Mayer, 218 Conn. 531, 544 (1991). Courts are established to resolve actual controversies so that before a claimed controversy is entitled to a resolution on the merits, it must be justiciable.
 Justiciability requires (1) that there be an actual controversy between or among the parties to the dispute. . . (2) that the interests of the parties be adverse. . . (3) that the matter in controversy be capable of being adjudicated by judicial power. . . and (4) that the determination of the controversy will result in practical relief to the complainant.
(Citations omitted.) Nielson v. State, 236 Conn. 1, 6 (1996).
Once raised, the issue of subject matter jurisdiction must be resolved before proceeding further with the case. Figueroa v. CS Ball Bearing,237 Conn. 1, 4 (1996). "In ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a maimer most favorable to the pleader."Pamela B. v. Ment, 244 Conn. 296, 308 (1998). "The motion to dismiss . . . admits all facts which are well pleaded, invokes the existing record and must be decided upon that alone. . . . Where, however . . . the motion is accompanied by supporting affidavits containing undisputed facts, the court may look to their content for determination of the jurisdictional issue and need not conclusively presume the validity of the allegations of the complaint." (Citation omitted; internal quotation marks omitted.) Barde v. Board of Trustees, 207 Conn. 59, 62 (1988).
The following facts are pleaded and, for purposes of this motion, undisputed. The plaintiffs reside on North Street in Litchfield. They purchased their residence on May 27, 1998, and in the warranty deed by CT Page 6031 which the plaintiffs acquired this property is a right of way to which the property is subject. The right of way is in favor of property immediately westerly and immediately southerly of the plaintiffs' property. On September 10, 1999, the defendant Saint purchased property on North Street, Litchfield by warranty deed which included a conveyance of the above mentioned right of way. The right of way provides access to the northeast parcel on the defendant Saint's property.
The property purchased by Saint contained two pieces of land, identified as the first piece and second piece. Saint filed a survey map in the Litchfield land records soon after his purchase depicting the property. The map is Exhibit C to the complaint and was introduced as a full exhibit (Exhibit A) at the April 3, 2000 hearing on this motion. It is attached to this decision. On the map the two pieces as described in the warranty deed are shown as the first piece and second piece. The map also shows the first piece divided into parcel A and parcel B. The plaintiffs' property lies directly north of parcel B and directly east of the second piece. The right of way lies along the boundary just north of parcel B and up to the boundary along the second piece.
On December 30, 1999, Saint conveyed a portion of his property to the state of Connecticut acting through the defendant commission, specifically parcel A and the second piece as shown on the attached map. The sole access to the property conveyed to the state is the right of way on the plaintiffs' property. Under the deed conveying the property to the state, Saint reserved unto himself, his successors and assigns,
 a perpetual not for profit, charitable use, touching, concerning and running with the land for the historic preservation, public use and enjoyment of the Wadsworth-Beecher House, a historic structure listed on the Connecticut Register of Historic Places ("HOUSE"). Said USE includes rights of access to enter upon and use the PREMISES in order to dissemble or reconstruct, preserve, repair, modify, maintain, support, landscape, enhance the historical significance, operate the HOUSE and erect other necessary and appropriate structures ("STRUCTURES") which support the HOUSE all of which shall be subject to the U.S. Secretary of Interior Standard for Preservation Projects as hereafter amended ("STANDARDS").
(Plaintiff's Exhibit F.)
In the first count of their complaint, the plaintiffs allege that the CT Page 6032 use of the property as the Wadsworth Beecher public museum is a continuing illegal use of the property and that they are injured as the use will grossly overburden the right of way and will substantially devalue their property by its close proximity to the illegal use. The plaintiffs allege that the defendant Saint has violated the subdivision regulations and that both defendants intend to violate the zoning regulations. In the second count, the plaintiffs allege that violation of the subdivision regulations and zoning regulations of the town of Litchfield by the defendants creates a public nuisance. In the third count, the plaintiffs allege that as a result of the defendants' violation of the planning regulations and the anticipated violation of the zoning regulations the plaintiffs have sustained damage. In count four, the plaintiffs allege that the defendants conspired to avoid compliance with the subdivision and zoning regulations in violation of Article First, § 1, of the constitution of Connecticut.
The relief the plaintiffs claim is a temporary and permanent injunction precluding the defendants from proceeding with any development of the property conveyed to the state of Connecticut until they have:
 a) obtained valid subdivision approval from the Litchfield Planning and Zoning Commission permitting the conveyance by the defendant, Chandler B. Saint, to the defendant, the State of Connecticut of the Connecticut Property; and
 b) obtained a valid zoning permit from the Litchfield Planning and Zoning Commission permitting the erection of any improvements on the Connecticut Property, including but not limited to erection of the Wadsworth Beecher House.
In his motion, Saint argues that there is no subject matter jurisdiction because the claims the plaintiffs make are not ripe for adjudication. Specifically, he argues that his intention to establish a particular land use is not a sufficient basis for a civil action; that the claimed subdivision violations do not establish a basis for enjoining the proposed use; that the plaintiffs have failed to exhaust their administrative remedies as to the claimed zoning violations; and that the claimed public nuisance is not ripe and the plaintiffs lack standing to raise this claim.
Because the court has granted the historical commission's motion to dismiss, it need not address all the arguments contained in Saint's motions. Nor does it need to address the persuasive arguments of the plaintiffs that Saint intends to reconstruct the Wadsworth Beecher House CT Page 6033 and that he did indeed work with the State of Connecticut to circumvent the zoning regulations of the Town of Litchfield.
The plaintiffs' allegations address the anticipated use of the defendant's property and how that use will affect the plaintiffs by overburdening their easement and substantially devaluing their property.[2] These allegations are not based upon an existing situation, nor has there been a decision from a regulatory agency. There is no plan in place for the use of the plaintiffs right of way so that the court may determine the degree to which it is overburdened. Compare Lichteig v. Churinetz,9 Conn. App. 406, 409-10 (1986); (holding that use of right of way was reasonable based on a finding of actual usage). The state is immune from suit as determined by the court in its memorandum of decision of this date on the historical commission's motion to dismiss. Further, there has been no ruling from the zoning commission. SeeCumberland Farms, Inc. v. Town of Groton, 247 Conn. 196, 204 (1998).
As stated by the U.S. Supreme Court, the basis of the ripeness doctrine is:
 to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties.
Abbott Laboratories v. Gardner, 387 U.S. 136, 148-49, 87 S.Ct. 1507,18 L.Ed.2d 681 (1967).
While the court does not rely solely on the ripeness doctrine in granting this motion, the above language is particularly pertinent to this situation. The main thrust of the plaintiffs action is that the defendants have conspired to avoid the zoning regulations as to use of the property conveyed to the State. It is not disputed that the state is not subject to zoning regulations. The court finds that it lacks subject matter jurisdiction over these conspiracy claims against the defendant Saint in light of the sovereign immunity of the historical commission. Further, the plaintiffs have offered no persuasive authority that this allegation of conspiracy is actionable.[3] There is no controversy before this court which can be adjudicated. "In the absence of a justiciable controversy, the courts have no jurisdiction." Kleinman v.Marshall, 192 Conn. 479, 484 (1984).
For the foregoing reasons, the motion to dismiss is granted. CT Page 6034
DiPentima, J.
[EDITORS' NOTE: THE MAP IS ELECTRONICALLY NON-TRANSFERRABLE.]