[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION (MOTION TO SET ASIDE NONSUIT)
The plaintiff has filed a motion to set aside a judgment of nonsuit entered by this court on October 2, 2000. The defendant, TIG Insurance Company, has filed an objection claiming that the plaintiff's motion is untimely, having been filed more than four months after notice of the judgment was sent by the court. The defendant claims that, pursuant to General Statutes § 52-212a and Practice Book § 17-4, the plaintiff's motion should be denied. A discussion of the chronological and procedural history is therefore necessary.
 I.
The plaintiff commenced his action on May 4, 1999. On November 18, 1999, the plaintiff filed an amended complaint and, thereafter, on December 13, 1999, the defendant TIG filed a request to revise the amended complaint. On March 22, 2000, PEG then filed a motion for nonsuit for failure to plead based on the fact that the plaintiff had neither objected to TIG's request to revise, nor filed a revised amended complaint. On October 2, 2000, this court entered a judgment of nonsuit against the plaintiff for said failure to object to the request to revise or to file a revised amended complaint. On February 23, 2001, the plaintiff filed a motion to set aside the nonsuit, and this court granted this motion on March 8, 2001. The plaintiff's revised amended complaint was also filed on February 23, 2001.
The court's decision to grant the motion to set aside on March 8, 2001 CT Page 2049 was opposed by the defendant TIG. TIG filed its opposition in writing with the court clerk on March 1, 2001. However, the defendant's memorandum in opposition to the motion to set aside was not physically before the court when the court reviewed the file on March 8, 2001. It is apparent the defendant's opposition memorandum had not made its way into the court's file, although it was filed in the clerk's office.
On March 22, 2001, the defendant filed a motion to reargue the plaintiff's motion to set aside. The request to reargue was granted on March 23, 2001. Reargument on the motion to set aside was scheduled and heard by the court on April 9, 2001. The court allowed the parties to submit additional memorandums of law.
 II.
In determining whether to set aside a judgment or to open a judgment upon default or nonsuit, the court is guided by the provisions of General Statutes § 52-212a and Practice Book §§ 17-4 and 17-43. General Statutes § 52-212a, in pertinent part, reads as follows:
 "Unless otherwise provided by law and except in such cases in which the court has continuing jurisdiction, a civil judgment or decree rendered in the Superior Court may not be opened or set aside unless a motion to open or set aside is filed within four months following the date on which it was rendered or passed."
 "The continuing jurisdiction conferred on the court in preadoptive proceedings pursuant to subjection (o) of section 17a-12 does not confer continuing jurisdiction on the court for purposes of this section or otherwise submit to the jurisdiction of the court, provided the filing of an amended petition for termination of parental rights does not constitute a waiver of the provisions of this section or a submission to the jurisdiction of the court to reopen a judgment terminating parental rights."
Practice Book § 17-4(a) contains similar language to General Statutes § 52-212a. However, Practice Book § 17-43, while also providing for a four month period to set aside or reopen and judgment upon default or nonsuit, mentions that a party can argue that they were prevented by "mistake, accident or other reasonable cause from prosecuting or appearing." The text of Practice Book § 17-43 is as follows:
CT Page 2050 "(a) Any judgment rendered or decree passed upon a default or nonsuit may be set aside within four months succeeding the date on which notice was sent, and the case reinstated on the docket on such terms in respect to costs as the judicial authority deems reasonable, upon the written motion for any party or person prejudiced thereby, showing reasonable cause, or that a good cause of action or defense in whole or in part existed at the time of the rendition of such judgment or the passage of such decree, and that the plaintiff or the defendant was prevented by mistake, accident or other reasonable cause from prosecuting or appearing to make the same. Such written motion shall be verified by the oath of the complainant or the complainant's attorney, shall state in general terms the nature of the claim or defense and shall particularly set forth the reason why the plaintiff or the defendant failed to appear. The judicial authority shall order reasonable notice of the pendency of such written motion to be given to the adverse party, and may enjoin that party against enforcing such judgment or decree until the decision upon such written notice.
 (b) If the judicial authority opens a nonsuit entered pursuant to Section 17-31, the judicial authority as part of its order may extend the time for filing pleadings or disclosure. (See General Statutes § 52-212.)"
A review of the court's file indicates that the plaintiff's notion to set aside was filed on February 23, 2001 which was more than four months after the judgment of nonsuit on October 2, 2000. The plaintiff has submitted documentation and photocopies which show that he attempted to file a motion to set aside and a reviewed complaint on February 1, 2001, within the four month period. Those documents filings were rejected by the court clerk's office "for the purported reason that copies to a pro se defendant were not certified in accordance with Practice Book §10-12, et seq." The plaintiff argues that the court clerk erroneously rejected his motion to set aside and the revised amended complaint, as the pro se defendant was no longer a party to the action on February 1, 2000. Thus, his motion to set aside should have been accepted on February 1, 2000, bringing it within the four month limitation period.
In Cusano v. Burgundy Chevrolet, Inc., 55 Conn. App. 655, 659 (1999), the question of clerical errors in the court clerk's office was addressed as follows: CT Page 2051
 "`A trial court possesses the power to modify substantially its own judgment within four months succeeding the date on which it was rendered or passed. . . . A court may correct a clerical error at any time, even after the expiration of the four month period.' Bottass v. Bottass, 40 Conn. App. 733, 738
(1996)."
The court, in Cusano explained further:
 "`A clerical error is a mistake or omission in a judgment which is not the result of the judicial function. . . ." Bottass v. Bottass, supra, 40 Conn. App. 739."
This court has reviewed the record and finds that when the plaintiff filed his amended complaint on November 16, 1999, the count directed toward the pro se defendant Kemp was deleted. While a withdrawal of action form against the pro se defendant Kemp was not filed, the only remaining count in the amended complaint was directed toward the defendant TIG. The court clerk's rejection of the motion to set aside on February 1, 2001 was a "clerical error or misapprehension of the state of the record," as no action was now being maintained against the pro se defendant by the plaintiff. Cusano v. Burgundy Chevrolet, Inc. supra,55 Conn. App. 660.
In Kim v. Magnotta, 249 Con. 94, 104 (1999), the Supreme Court held that General Statutes § 52-212a operates as a constraint, not on the trial court's jurisdictional authority, but on its substantive authority to adjudicate the merits of the case before it. This court concludes that the four month limitation period contained in General Statutes §52-212a and Practice Book § 17-4 does not apply because the failure of the court clerk's office to accept the plaintiff's motion to set aside the judgment of nonsuit on February 1, 2001 was a clerical error and a misapprehension of the state of the record. The court, having determined that the motion to set aside was timely filed, also finds that the filing of the revised amended complaint cures the reason for the original entry of the nonsuit. Accordingly, this court reaffirms its decision of March 8, 2001 setting aside the judgment of nonsuit.
The Court
By Arnold, J. CT Page 2052