[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an application for a temporary injunction to enjoin the defendants from widening a right-of-way beyond its current width and from destroying flora and fauna on property owned by the plaintiff adjoining said right-of-way.
Both parties trace title to their respective property to a common grantor in 1932. That 1932 deed contained the following language:
 Said grantor herein reserves for himself, his successors and assigns and for said estate, its assigns a right-of-way for all purposes across the second piece herein described immediately east of a stone wall and wire fence which wall and wire fence run in a northerly direction from the North side of the New Boston Road at a point about one hundred eighty (180) feet east of the westerly boundary of said second piece described herein.
(Plaintiff's exhibit C.)
The parties stipulated that the plaintiff's parcel of property is subject to the right-of-way described in exhibit C and that the use of the right-of-way is now vested in the defendants through the chain of title to the defendant's parcel. (Plaintiff's exhibit J and defendant's exhibit 7.)
The issues are:
1. the extent of the right-of-way;
 2. whether the defendants have the right to hang utility cables which would cross over the plaintiff's property; and
 3. whether the defendants can run utility cables underground within the right-of-way.
CT Page 2042
The determination of the scope of an easement is a question of fact.Pender v. Matranga, 58 Conn. App. 19 (2000). The evidence established that the right-of-way in this case is 12 feet, plus or minus.
The plaintiffs acquired their property in 1999. At that time they were aware that the right-of-way existed and it consisted of an unpaved clearing through a wooded area with evidence of tire tracks. It was used infrequently — a few times each year — by hunters who would park on it. While it was not maintained, it was fairly clearly delineated as a 12' wide right-of-way. More recently, when an excavator hired by the defendants to do clearing adjacent to the right-of-way and to make improvements thereon began to dig out the right-of-way, he found, beneath the surface, a gravel bed had been laid which was approximately one (1) foot deep and twelve (12) feet in width. Photographs and measurements introduced into evidence at the hearing all corroborate that the scope of the right-of-way was twelve (12) feet plus or minus.
The Court, under these facts, does not interpret the language in the deed reserving the right-of-way as "immediately east of a stone wall and wire fence" as meaning adjoining or abutting, but rather as an expression not capable of precise definition, but depending on the location of the right-of-way as it existed. If the deed language had been "immediately adjacent," that would probably be interpreted differently, but because the right-of-way as it existed was not immediately adjacent the Court will not interpret the language so strictly. (See Ballentine's Law Dictionary.)
The defendants propose to widen the right-of-way to approximately thirty feet and have already done some clearing well beyond the existing twelve-foot right-of-way. One of the things they want to do is hang utility wires from a pole near the highway to a pole located on their own property in the rear. However, in doing so, the utility wires would have to cross over land owned by the plaintiffs which is outside of the right-of-way. The Court is aware of no authority which would allow a land-owner to run utility lines across property owned by someone else (nor have the defendants cited any). The plaintiffs are entitled to enjoin the defendants from doing so.
The plaintiffs cannot, however, enjoin the defendants from placing utility lines underground within the twelve-foot right-of-way. The right-of-way was reserved for "all purposes." Case law favors this interpretation. The term "across the second piece" does not prohibit underground cable. Right-of-way language should be construed broadly to permit any use reasonably connected with the reasonable use of the land CT Page 2043 appurtenant. Lichteig v. Churinetz, 9 Conn. App. 406, 410 (1986). Trial court decisions cited by the defendants support this interpretation. SeeMancini v. Suffield Water Pollution Control Authority, [33 Conn.L.Rptr. 141] (Hale, J.); Miskin et al. v. Wroblewski, [20 Conn.L.Rptr. 497] (Allen, J.); Kudlis v. Rocheleau, [23 Conn.L.Rptr. 137] (Hurley, J.). The Law of Easements and Licenses in Land (Bruce and Ely) (citations omitted).
For the foregoing reasons, the Court finds the continued clearing of trees and plant life beyond the established twelve-foot right-of-way would be a trespass to the possessory interest of the plaintiffs, and that the nature of the trespass (the removal of trees) cannot be adequately compensated for with money damages.
A temporary injunction is granted prohibiting the defendants from widening the right-of-way beyond twelve feet, and from running overhead power lines over property not located within said right-of-way.
The Court will not require the posting of a bond by the plaintiff, however, this is without prejudice in the event the defendant wishes to raise the issue of a bond.
Klaczak, JTR CT Page 2044