SHARON TOWNSLEY *v.* THOMAS W. TOWNSLEY
(13147)

LANDAU, HEIMAN and SPEAR, Js.

Argued December 12, 1994—decision released February 28, 1995

*Thomas W. Townsley,* pro se, the appellant (defendant).

*Sheridan Moore,* for the appellee (plaintiff).

SPEAR, J. The defendant appeals from the judgment of the trial court granting the plaintiff's motion to open a judgment of dissolution.[1] The dispositive issue on appeal is whether the trial court improperly opened the dissolution judgment as to all issues when the plaintiff's motion to open was for a limited discrete purpose.[2] We reverse the judgment of the trial court.

The underlying facts are undisputed. In 1989, the plaintiff, Sharon Townsley, instituted a dissolution action against the defendant, Thomas Townsley. On February 8, 1990, a judgment of dissolution was rendered by the court. The judgment incorporated a stipulation that was submitted by the parties concerning issues of custody, alimony and division of property.[3]

The stipulation provided for joint custody of the parties' only child, required the defendant to pay $75 per

---

[1] The defendant is appealing from the trial court's granting of the motion to open the judgment of dissolution rendered in October, 1990. "Although an order granting such a motion is not ordinarily a final judgment within the terms of General Statutes § 52-263, it is appealable if the appeal challenges the power of court to act to set aside the judgment." *Sanchez* v. *Prestia,* 29 Conn. App. 157, 159 n.3, 612 A.2d 824, cert. denied, 224 Conn. 913, 617 A.2d 167 (1992). The defendant here is challenging the power of the court to open the judgment. A review of the file and the plaintiff's brief indicates that no objection was raised with regard to the timeliness of this appeal. We conclude, therefore, that the time limitations have been waived and address the issues raised by the defendant. See *Ambroise* v. *William Raveis Real Estate, Inc.,* 226 Conn. 757, 762-63, 628 A.2d 1303 (1993).

[2] Our disposition of this issue eliminates the need to address the other claims raised by the defendant.

[3] After a canvass of both parties at the February 8, 1990 hearing, the trial court approved the stipulation and stated that "the financial agreement of the parties with respect to distribution of marital assets is ratified by this court and it becomes an order of this court and may be incorporated [in] the judgment."

week child support and ordered the plaintiff to maintain medical insurance for the child. All unreimbursed medical expenses incurred on behalf of the child were to be borne equally by the parties. The defendant was obligated to maintain a life insurance policy for the benefit of the minor child in the amount of $25,000 until the child reached age eighteen. The agreement further provided that the parties would divide their personal property. The defendant was to sign over all of his interest in TASK Enterprises, Inc., doing business as The Whole Donut. In consideration for this transfer, the plaintiff was to pay the defendant $60,000 in four installments[4] with the first installment due on or before May, 1990. Finally, the agreement provided that neither party was to receive either lump sum or periodic alimony.

On April 30, 1990, the plaintiff filed a "motion to reopen and modify judgment." In this motion, the plaintiff asked that the judgment be opened and modified for the limited purpose of either placing her first installment payment into an escrow account or suspending her obligation to pay the first installment of $30,000 until such time as the defendant returned to her certain personal property pursuant to the agreement. The motion did not ask the court to open the judgment as to all issues, nor did it allege fraud. After a hearing on October 1, 1990, the court opened the judgment as to all issues except the dissolution itself. At that time, the court ordered a new hearing on all issues regarding the terms of the dissolution.

On September 5, 1991, the defendant moved to reopen the October 1, 1990 judgment alleging that the judgment was procured by the plaintiff's fraud and mis-

---

[4] The four installments were to be paid as follows: $30,000 on or before May, 1990, $7500 on or before May, 1991, $7500 on or before May, 1992, and $15,000 by December 14, 1993.

representation. On January 21, 1992, the court denied this motion. A plenary hearing concerning the parties' financial assets was thereafter conducted, and a supplemental judgment was rendered on December 6, 1993. This appeal followed. The defendant claims that the trial court improperly opened the judgment as to all issues in response to the plaintiff's motion. We agree.

The plaintiff's motion to "reopen" asked the trial court to place the first installment of $30,000 in escrow or to suspend the plaintiff's obligation to make the first payment until such time as the defendant returned certain personal property pursuant to the agreement. At the hearing on October 1, 1990, without notice to the parties, the court sua sponte opened the judgment as to all issues except the dissolution and vacated all orders with respect to the business known as The Whole Donut.

Our Supreme Court and this court have held that a court cannot on its own initiative decide a motion that was not presented by the parties. See *Connolly* v. *Connolly*, 191 Conn. 468, 464 A.2d 837 (1983); *Costello* v. *Costello*, 186 Conn. 773, 443 A.2d 1282 (1982); *Booth* v. *Flanagan*, 19 Conn App. 413, 562 A.2d 592 (1989). "Our rules of practice require that every motion directed toward pleading or procedure, unless relating to procedure during the course of a trial, be in writing. . . . The purpose of requiring written motions is not only the orderly administration of justice . . . but the fundamental requirement of due process of law." (Citations omitted.) *Connolly* v. *Connolly*, supra, 475; see Practice Book § 196.

The motion before the court was to open the judgment for the specific purpose of escrowing or delaying the plaintiff's first installment payment. The motion sought nothing else. There were no allegations of fraud

or misrepresentation to constitute a basis for opening a judgment.[5] See *Jucker* v. *Jucker*, 190 Conn. 674, 677, 461 A.2d 1384 (1983). This case is analogous to the situations presented in both *Connolly* and *Costello* in which the Supreme Court held that the trial court abused its discretion by acting sua sponte. In *Connolly*, our Supreme Court held that when the court is presented with a motion to increase alimony, it cannot sua sponte terminate alimony because a party would have insufficient notice of the termination issue. In *Costello*, the Supreme Court held that "when a court has approved the provisions of a dissolution decree agreed upon by the parties, the court cannot modify or augment those provisions without following the requirements of due process." *Costello* v. *Costello*, supra, 186 Conn 777.

We conclude that under the circumstances of this case the defendant was not afforded due process because he was not notified that the court was considering opening the judgment as to all issues, nor was he given a reasonable opportunity to be heard "at a meaningful time and in a meaningful manner." (Internal quotation marks omitted.) *Bartley* v. *Bartley*, 27 Conn. App. 195, 197, 604 A.2d 1343 (1992).

By opening the judgment as to all issues, the trial court abused its discretion.

The judgment is reversed and the case is remanded with direction to reinstate the original judgment and for further proceedings on the plaintiff's motion to open.

In this opinion the other judges concurred.

---

[5] Our search of the record, the trial court file and the transcripts provided reveals nothing that would have supported the trial court's action in opening the judgment for all purposes except the dissolution.