## MADISON HILLS LIMITED PARTNERSHIP *v.*
## TOWN OF MADISON ET AL.
## (14081)

DUPONT, C. J., and O'CONNELL, FOTI, LAVERY and HENNESSY, Js.

Considered May 3—decision released June 13, 1995

*Steven R. Dembo,* in support of the motion.

*Bernard Green* and *Marni Smith Katz,* in opposition to the motion.

DUPONT, C. J. The issue to be resolved in this decision is whether the appellees, TEPA Associates (TEPA)

and Candlewood Development Company (Candlewood), are entitled to have their motion for a stay of four ancillary administrative appeals granted. We conclude that those proceedings are not directly ancillary to this appeal and, therefore, deny their motion.

The plaintiff brought an action to quiet title to a parcel of land in Madison. The trial court granted the plaintiff's motion for default against the defendants, the town of Madison and all unknown persons having an interest in the property. The court then rendered judgment quieting title in the plaintiff. More than two and one-half years later, TEPA and Candlewood moved to open the judgment on the ground that they held title to the property. The court granted their motion and opened the judgment.

After the plaintiff appealed from that decision, TEPA and Candlewood filed a motion for stay of ancillary proceedings pursuant to Practice Book § 4183 (4).[1] The ancillary proceedings involve two applications filed by the plaintiff with the Madison inland wetlands agency to conduct regulated activities on the property that is the subject of the quiet title action. TEPA and Candlewood opposed both applications on the ground that the land did not rightfully belong to the plaintiff and had been wrongfully taken from them without due process of law. Despite their arguments, the agency granted the plaintiff's applications and issued the requested permits. TEPA and Candlewood appealed from the agency's decisions to the Superior Court.[2] The

---

[1] Practice Book § 4183 provides in relevant part: "The supervision and control of the proceedings on appeal shall be in the court having appellate jurisdiction from the time the appeal is filed . . . . The court may . . . on its own motion or upon motion of any party . . . (4) order a stay of any proceedings ancillary to a case on appeal . . . ."

[2] TEPA and Candlewood represent that they took four appeals from the agency's decision granting the plaintiff's applications. It is unclear why four appeals were taken.

plaintiff has moved to dismiss each of the administrative appeals on the ground that TEPA and Candlewood lack standing because they do not own the property in question.

As part of this court's supervision and control of proceedings on appeal, it is within our discretion to "order a stay of any proceedings ancillary to a case on appeal." Practice Book § 4183 (4). TEPA and Candlewood seek a stay of their four administrative appeals because, they claim, the issue of ownership of the property in question is at the center of this appeal and their administrative appeals. They argue that the ownership issue should be resolved by this court before it is considered by the trial court in the context of the administrative appeals.

With respect to the appeal pending in this court, the plaintiff has appealed from the granting of a motion to open the judgment. The only issue that can be raised in such an appeal is whether the trial court had the power to open the judgment. *Solomon* v. *Keiser*, 212 Conn. 741, 746–47, 562 A.2d 524 (1989); *Connecticut Light & Power Co.* v. *Costle*, 179 Conn. 415, 418–19, 426 A.2d 1324 (1980); *Sanchez* v. *Prestia*, 29 Conn. App. 157, 159 n.3, 612 A.2d 824, cert. denied, 224 Conn. 913, 617 A.2d 167 (1992). At the time the plaintiff appealed, the action to quiet title had been opened and the issue of ownership of the property had not yet been finally decided by the trial court. That issue, therefore, cannot be before this court at this time.[3] Because the issues in the administrative appeals are not directly ancillary to this appeal from the granting of the motion to open, we deny the motion for stay of the administrative appeals.[4]

[3] Such issue could be considered in a later appeal from a judgment on the merits of the action to quiet title, in the event we decide that the trial court properly exercised its power in opening the judgment.

[4] TEPA and Candlewood may have recourse in both the trial court and the agency. Under General Statutes § 4-183 (f), the administrative appeals

The motion for a stay of ancillary proceedings is denied.

In this opinion the other judges concurred.

did not of themselves stay the enforcement of the agency decision. Section 4-183 (f) provides: "The filing of an appeal shall not, of itself, stay enforcement of an agency decision. An application for a stay may be made to the agency, to the court or to both. Filing of an application with the agency shall not preclude action by the court. A stay, if granted, shall be on appropriate terms."