FLORENCE CUSANO, EXECUTRIX (ESTATE OF RICHARD CUSANO) *v.* BURGUNDY CHEVROLET, INC., ET AL.
(AC 18212)

O'Connell, C. J., and Landau and Sullivan, Js.

Argued June 2—officially released November 9, 1999

*Daniel P. Scapellati*, with whom were *Paul D. Meade* and, on the brief, *Lawrence L. Connelli*, for the appellants (defendants).

*Michael J. Walsh*, for the appellee (plaintiff).

*Opinion*

SULLIVAN, J. The defendants, Burgundy Chevrolet, Inc. (Chevrolet), and Ismael Velazquez, appeal following the trial court's granting of the motion filed by the plaintiff, Florence Cusano, to open a judgment of nonsuit. The defendants claim that the court lacked the authority to open the judgment of nonsuit because the plaintiff failed to file the motion to open within the four month period set forth in General Statutes § 52-212a[1] and Practice Book § 17-4 (a).[2] We affirm the judgment of the trial court.

---

[1] General Statutes § 52-212a provides in relevant part: "Unless otherwise provided by law and except in such cases in which the court has continuing jurisdiction, a civil judgment or decree rendered in the Superior Court may not be opened or set aside unless a motion to open or set aside is filed within four months following the date on which it was rendered or passed. . . ."

[2] Practice Book § 17-4 (a) provides in relevant part: "Unless otherwise provided by law and except in such cases in which the court has continuing jurisdiction, any civil judgment or decree rendered in the superior court may not be opened or set aside unless a motion to open or set aside is filed within four months succeeding the date on which notice was sent. The parties may waive the provisions of this subsection or otherwise submit to the jurisdiction of the court."

The following facts are relevant to the resolution of this appeal. On December 23, 1990, Richard Cusano and Jose Romero were involved in a car accident resulting in their deaths. On August 26, 1991, the plaintiff executrix of the estate of Richard Cusano filed a wrongful death action against Chevrolet and Velazquez, the appointed representative of Romero's estate.

On February 3, 1992, the defendants served the plaintiff with interrogatories and requests for production. The defendants filed their answer and special defenses on February 5, 1992. On February 24, 1992, the case was claimed to a trial list. Subsequently, on April 14, 1992, the defendants filed a motion for judgment of nonsuit on the basis of on the plaintiff's failure to answer the interrogatories and to comply with the requests for production. The plaintiff responded to the interrogatories and requests for production on August 28, 1992.

The motion for judgment of nonsuit was still heard, and on September 3, 1992, the court ruled that judgment of nonsuit would enter if no compliance by the plaintiff to the interrogatories was forthcoming within forty-five days. On September 28, 1992, the defendants filed a motion to compel the plaintiff to respond more fully to the interrogatories and requests for production. Thereafter, the plaintiff filed supplemental compliance to the defendants' discovery requests dated October 2, 1992. On October 22, 1992, a trial court clerk entered a judgment of nonsuit against the plaintiff for failure to comply with the September 3, 1992 order.

On January 29, 1998, the plaintiff filed a motion to open the judgment of nonsuit. The court opened the judgment on February 23, 1998, finding that the plaintiff and her counsel had no notice of the September 3, 1992 order prior to the October 22, 1992 judgment. The court also found credible the January 22, 1998 affidavit of

the plaintiff's counsel, which stated that he had never received notice of the judgment of nonsuit.

Further, the court found that there was no indication in the file that the plaintiff had failed to comply with the discovery request at the time the judgment was entered by the clerk. The court held that, absent an indication of noncompliance, there was simply no basis for the nonsuit and the judgment should not have been entered. The defendants then appealed following the granting of the motion to open.[3]

"[I]t is well established that an order opening a judgment ordinarily is not a final judgment within [General Statutes] § 52-263. . . . [Our Supreme Court], however, has recognized an exception to this rule where the appeal challenges the power of the court to act to set aside the judgment. *Connecticut Light & Power Co.* v. *Costle*, 179 Conn. 415, 418, 426 A.2d 1324 (1980); 4 Am. Jur. 2d, Appeal and Error § 126. . . . *Solomon* v. *Keiser*, 212 Conn. 741, 746–47, 562 A.2d 524 (1989)." (Internal quotation marks omitted.) *G. F. Construction, Inc.* v. *Cherry Hill Construction, Inc.*, 42 Conn. App. 119, 122–23, 679 A.2d 32 (1996). In this case, the defendants argue that the trial court lacked authority to open the judgment of nonsuit. Consistent with the holdings of *G. F. Construction, Inc.*, *Solomon* and *Connecticut Light & Power Co.*, we address the appeal to the extent that it questions the trial court's authority to open the judgment of nonsuit.[4]

---

[3] On March 23, 1998, the plaintiff moved to dismiss the defendants' appeal for lack of subject matter jurisdiction. On May 6, 1998, this court denied the plaintiff's motion.

[4] In their brief, the defendants also claim that one of the factual findings underlying the court's decision to open the judgment was clearly erroneous. Appellate review, in this case, is limited to whether the court had the authority to open the judgment of nonsuit. See *Madison Hill Ltd. Partnership* v. *Madison*, 38 Conn. App. 168, 170, 659 A.2d 744 (1995). Therefore, the second issue is not appropriately before this court. Accordingly, we will not address that claim.

The defendants claim that the trial court lacked the authority[5] to open the judgment because the motion to open the judgment of nonsuit was not filed within the four month period provided by § 52-212a and Practice Book § 17-4 (a).[6] The plaintiff argues that the four month limitation period contained in § 52-212a and § 17-4 (a) does not apply because the entry of nonsuit was a clerical error. We agree.

"A trial court possesses the power to modify substantively its own judgment within four months succeeding the date on which it was rendered or passed. . . . A court may correct a clerical error at any time, even after the expiration of the four month period." (Citation omitted; internal quotation marks omitted.) *Bottass* v. *Bottass*, 40 Conn. App. 733, 738, 673 A.2d 129 (1996).

"A clerical error is a mistake or omission in a judgment which is not the result of the judicial function. Such a claimed error does not challenge the court's ability to reach the conclusion that it did reach, but involves the failure to preserve or correctly represent in the record the actual decision of the court. 46 Am. Jur. 2d, Judgments § 202. *Ravizza* v. *Waldie*, 3 Conn. App. 491, 493, 490 A.2d 90 (1985)." (Internal quotation marks omitted.) *Bottass* v. *Bottass*, supra, 40 Conn. App. 739.

Our review of the record reveals that the clerk's entry of nonsuit against the plaintiff was a clerical error and not the result of the judicial function. In its memorandum of decision, the court found that the judgment of

---

[5] The defendants claim, in their brief, that the court lacked jurisdiction to open the judgment of nonsuit. In *Kim* v. *Magnotta*, 249 Conn. 94, 104, 733 A.2d 809 (1999), our Supreme Court recently held that "§ 52-212a operates as a constraint, not on the trial court's jurisdictional authority, but on its substantive authority to adjudicate the merits of the case before it." Thus, we examine the court's substantive authority in this case to open the judgment and not its jurisdictional authority.

[6] See footnotes 1 and 2.

nonsuit was not rendered by any trial court judge, and that the court was unaware that the October 22, 1992 judgment had been entered mistakenly under its authority. The court found that despite the language of the September 3, 1992 discovery order, no judgment of nonsuit could have entered unless there was a failure by the plaintiff to comply in a timely manner. Thus, as there was no indication in the court file that the plaintiff had failed to comply, the clerk had no authority to enter the judgment of nonsuit. Further, the court, in its memorandum of decision, concluded that "the judgment of nonsuit was based on clerical error or a misapprehension of the state of the record."

Accordingly, we conclude that the four month limitation period contained in § 52-212a and § 17-4 (a) does not apply because the entry of nonsuit was a clerical error.[7] We, conclude, therefore, that the court had the authority to open the judgment of nonsuit.

The judgment is affirmed.

In this opinion the other judges concurred.

---

[7] On appeal, the defendants claim that the plaintiff's counsel had actual notice of the nonsuit judgment on June 30, 1997, at the latest. The defendants argue that the four month limitation period therefore expired before the plaintiff's motion to open the judgment of nonsuit was filed. We do not address the issue of notice, however, because the entry of a judgment of nonsuit against the plaintiff was a clerical error that can be corrected at any time. It is, therefore, unnecessary to address the issue regarding the date that the plaintiff had actual notice of the judgment of nonsuit so as to start the running of the four month limitation period.