[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (#104)
I. Factual and Procedural Background:
By complaint dated February 22, 1999, the plaintiff, Essex Savings Bank, initiated a foreclosure action (hereinafter "current action") against the defendant, Robert J. Shickel, in an effort to satisfy a deficiency judgment; Essex Savings Bank v. Shickel, Superior Court, judicial district of Middletown, Docket No. 064918 (February 16, 1993) (Walsh, J.); (hereinafter "1993 deficiency judgment") obtained as a result of a prior foreclosure action (hereinafter "1992 foreclosure action").
Although the defendant has yet to file an answer in the current action, on March 4, 1999, he did file a motion to open the 1993 deficiency judgment, which the court (Arena, J.) denied on May 10, 1999.
The plaintiff filed a motion for summary judgment on April 19, 1999, with the requisite memorandum of law. In response, the defendant, on September 17, 1999, filed a cross motion for summary judgment. Both parties filed memorandum in opposition to the other party's motion. Supplemental briefs have also been filed by the parties.
II. Standard of Review:
Practice Book § 17-44 states, in part, that "film any action . . . any party may move for summary judgment at any time[.]" Practice Book § 17-49 "provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is CT Page 1425-cb no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . .Miller v. United Technologies Corp., 233 Conn. 732,744-45, 660 A.2d 810 (1995). In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party . . . Id., 745. The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law; D.H.R.Construction Co. v. Donnelly, 180 Conn. 430, 434,429 A.2d 908 (1980)." Rivera v. Double A Transportation, Inc.,248 Conn. 21, 24, ___ A.2d ___ (1999).
"`An action of foreclosure is peculiarly equitable and the court may entertain all questions which are necessary to be determined in order that complete justice may be done between the parties.' Hartford Federal Savings Loan Assn.v. Tucker, 196 Conn. 172, 175, 491 A.2d 1084, cert. denied,474 U.S. 920, 106 S.Ct. 250, 88 L.Ed.2d 258 (1985)."Connecticut National Bank v. LR Realty, 46 Conn. App. 443, 449,699 A.2d 297 (1997).
III. Discussion:
A. Motion to Open:
As a preliminary matter, the parties dispute the amount stated in the stipulation agreement referenced in the 1993 deficiency judgment (Docket No.: 64918) and, additionally, the significance in the current action (Docket No.: 88334) of the court's recent ruling denying the defendant's motion to open the 1993 deficiency judgment.
Mr. Shickel, in his motion to open, asserts that the judgment reflects an error in the amount owed and, therefore, that judgment must be opened. Essex Savings objects and argues that the defendant's efforts, prompted by the current action, amount to a collateral attack on the 1993 deficiency judgment. The parties extensively argued and briefed this matter; the court also reviewed the affidavits and other documents submitted by the parties. CT Page 1425-cc
Unless invalidated on appeal or corrected by a proper proceeding a judgment is valid and binding on the parties, and, therefore, "is not vulnerable to collateral attack."State v. Florence, 35 Conn. Sup. 598, 600, 401 A.2d 65
(1978); Morey v. Hoyt, 62 Conn. 542, 553-55, 26 A. 127
(1893); see also E. Stephenson, Connecticut Civil Procedure (2d Ed. 1970) § 353. Moreover, unless a party moves to open a judgment within four months following the court's rendering of the judgment, the court lacks jurisdiction to open the judgment. General Statutes § 52-212a; Practice Book § 17-4. There are only a few exceptions to this rule, e.g., the "court does have jurisdiction to open a stipulated judgment, on a motion, even after the four month period has elapsed if the movant can show that the judgment was obtained by fraud, duress, accident or mistake." Kimv. Magnotta, 49 Conn. App. 203, 209, ___ A.2d ___ (1998). A court may also open a judgment, at any time, to correct clerical errors. Cusan v. Burgundy Chevrolet, Inc.,55 Conn. App. 655, 659, 733 A.2d 809 (1999).
Although aware of the 1993 deficiency judgment, Mr. Shickel did not move to open that judgment until after the current action commenced. In his motion to open, Mr. Shickel does not allege nor do the affidavits or documentation provided suggest that the stipulation agreement referenced in the 1993 deficiency judgment resulted from fraud, duress, accident or mutual mistake. A close reading of the motion does, however, reflect that the defendant asserts that the 1993 deficiency judgment erroneously states the amount owed because the stipulation referenced in that court's ruling did not reflect a credit for $9,901.38 paid to Essex Savings in September of 1992.
The stipulation referenced by the court in the 1993 deficiency judgment was signed by both parties' counsel and subsequently ratified by Mr. Shickel. In addition, Essex Savings has agreed to credit the $9,901.38 from the date paid against the amount now owing in the current action.
Given that the matter can be remedied by recalculating the 1993 deficiency judgment to account for the $9,901.38 paid[1] to Essex Savings in September of 1992, the court did not need to nor did equity require that it open the 1993 CT Page 1425-cd deficiency judgment and, accordingly, the court denied the defendant's motion to open the 1993 deficiency judgment.
B. Plaintiff's Motion for Summary Judgment:
Essex Savings argues that there exists no genuine issue of material fact concerning Mr. Shickel's liability for the 1993 deficiency judgment. As noted previously, Essex Savings agreed that the $35,000 referenced in that judgment will be adjusted to reflect the $9,901.38 payment made in September of 1992. In his memorandum in opposition, the defendant relies solely on his contention that the 1993 deficiency judgment was obtained in error to defeat the plaintiff's motion for summary judgment. He did not rebut the plaintiff's proof that no payments have been made, beyond the $9,901.38 payment, to satisfy the debt owed as a consequence of the 1992 foreclosure action.
Upon a motion for summary judgment when no genuine issue of material fact exists, the rules of practice authorize the court to enter judgment in favor of a party whose position comports with the applicable law. Practice Book, § 17-49.
It is undisputed that the 1992 foreclosure action, which gave rise to the 1993 deficiency judgment, involved a debt of $141,452.34. The property subject to that foreclosure had a value of $107,000.00, resulting in a deficiency of $34,452.34. In September of 1992, Mr. Shickel's attorney signed the "Stipulation for Deficiency Judgment" which stated that: "The parties in the above captioned matter [Docket No.: 64918] hereby stipulate and agree that: 1. Judgment may enter against the Defendant Robert J. Shickel in favor of the Plaintiff Essex Savings Bank in the amount of $35,000.00 representing deficiency judgment in the above captioned matter. 2. That deficiency judgment may be satisfied by the payment to Essex Savings Bank in the sum of $15,000.00 on or before September 21, 1994 together with simple interest accruing at the rate of six percent per annum from September 21, 1992. This stipulation and judgment shall be secured by a mortgage on the property standing in the name of Valerie Shickel and located at 42 Book Hill Road, and more particularly bounded and described in Exhibit A attached hereto." (Defendant's Motion to Open, Exhibit B; Robert J. Shickle's March 3, 1999 Affidavit). CT Page 1425-ce
By his own conduct, the defendant ratified the 1992 stipulation agreement. In a letter dated February 26, 1993 (ten days after the court entered the 1993 deficiency judgment), Mr. Shickel wrote to his attorney: "Following is text that I will accept pursuant to the deficiency judgement. The foregoing motion having been presented to the Court, and an evidentiary hearing having been conducted in pursuance thereof, the Court finds that the mortgage property was not redeemed and that title to the said property vested in the plaintiff [Essex Savings] on June 26, 1992. The Court further finds that on September 21, 1992 a Stipulation For Deficiency Judgement agreement was reached between the plaintiff and the defendant [Robert J. Shickel] and that therefore a judgement may enter for the plaintiff against the defendant in agreement with the same attached hereto." (Defendant's Supplemental Memorandum, Exhibit K; emphasis in original.)
In support of its motion for summary judgment, Essex Savings submitted an affidavit from Bernadette A. Jones, an Assistant Vice President for the bank, who stated: "I am familiar with and have reviewed the status of a certain deficiency judgment obtained by Essex Savings Bank in the Matter of Essex Savings Bank v. Robert J. Shickel, et al, for the Superior Court for the Judicial District of Middlesex at Middletown, bearing docket number CV92-0064918-S. The deficiency judgment is still owned by Essex Savings Bank and is unpaid, and is accruing interest at the statutory rate." (Plaintiff's Motion for Summary Judgment filed April 19, 1999, Exhibit A.) The defendant has not presented any evidence to rebut that the debt dating from the 1992 foreclosure action remains largely unpaid. The defendant does, however, challenge the amount owed, arguing that it should reflect the September 1992 payment of $9,901.38.
IV. Conclusion:
For the reasons herein stated, the finds no genuine issue of material fact exists with respect to the defendant's liability for the deficiency arising out of the debt associated with the 1992 foreclosure action and, accordingly, the plaintiff's motion for summary judgment ought to be and is hereby granted as to liability only. CT Page 1425-cf
It is so ordered.
By the Court
Arena, J.