[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This case arises out of a fire that destroyed the plaintiff's home on November 19, 1994 and in which the plaintiff's wife died. It is the plaintiff's attempt to collect on the fire insurance policy in effect at that time.
This same fire spawned a criminal investigation, the upshot of which was the arrest and conviction of the plaintiff for arson and the murder of his wife as well as other, lesser charges. This conviction necessarily established that the plaintiff intentionally set the fire, a claim against which he vigorously defended at trial. It has been affirmed by the Appellate Court, 53 Conn. App. 747 (1999), and the Supreme Court,255 Conn. 113 (2000).
On the authority of Aetna Casualty and Surety Co. vs. Jones,220 Conn. 285 (1991)[1], the defendant insurer moves for summary judgment on the ground that the plaintiff's conviction collaterally estops him from relitigating the question of whether he intentionally set the fire, thereby precluding his recovery under the policy. It is certainly entitled to summary judgment if the conviction is a "final" judgment for collateral estoppel purposes.
The plaintiff claims that the judgment is not "final" for this purpose because he has filed a habeas corpus petition as well as a petition for a new trial[2], raising numerous constitutional and evidentiary issues, including whether he received ineffective assistance of counsel at his trial. Since either of these actions, if successful, could result in the conviction being set aside, it is not truly "final", he argues, despite its affirmance by both the Appellate and Supreme Courts.
Whether or not the pendency of an appeal from an otherwise final judgment or a motion for a new trial prevents that judgment from being considered "final" for res judicata purposes has been the subject of quite a bit of litigation, and the overwhelming weight of authority gives to such judgments full effect as a bar to or a merger of claims already adjudicated. The Restatement of Judgments recognizes this majority view:
CT Page 12143
 A judgment otherwise final for purposes of the law of res judicata is not deprived of such finality by the fact that time still permits commencement of proceedings in the trial court to set aside the judgment and grant a new trial or the like; nor does the fact that a party has made such motion render the judgment nonfinal. . . .
 There have been differences of opinion about whether, or in what circumstances, a judgment can be considered final for purposes of res judicata when proceedings have been taken to reverse or modify it by appeal. The better view is that a judgment otherwise final remains so despite the taking of an appeal. . . .
Restatement (Second), Judgments § 13, comment f (1982) (Emphasis added.) See generally Annot., 9 A.L.R.2d 984 (1950).
When it comes to collateral estoppel or issue preclusion, the Restatement is even more flexible, providing that "`final judgment' includes any prior adjudication of an issue in another action that is determined to be sufficiently firm to be accorded conclusive effect". Id., § 13. "In particular circumstances the wisest course is to regard the prior decision of the issue as final for the purpose of issue preclusion without awaiting the end judgment." Id., comment g. This approach, too, represents a recognition of the majority view of the courts which have considered the issue. See, e.g., Lummus Co. v. CommonwealthOil Ref. Co., 297 F.2d 80, 87-90 (2d Cir. 1961); U.S. v. All Right,Title Interest in Real Property Building Known as 303 West 116th Street,901 F.2d 288, 292 (2d Cir. 1990).
If judgments still subject to direct appeal or a motion in the trial court for a new trial are to be considered final for collateral estoppel purposes, a fortiori, the same should be true for those judgments which have already been affirmed on appeal and are being attacked collaterally. And, in the only decision which the court has been able to find on this point, that is the outcome. In Shaffer v. Smith, 673 A.2d 872
(Pa. 1996), the Supreme Court of Pennsylvania held that the pendency of a post-conviction petition claiming ineffective assistance of counsel does not deprive a party in a related civil action of the right to invoke the doctrine of collateral estoppel. Id., 874. There, in a civil action for damages as the result of an assault, the plaintiff was permitted to move for summary judgment on liability based on the defendant's prior conviction for aggravated assault. ". . . (W)e hold that once a criminal defendant has been convicted and sentenced, a plaintiff in a civil proceeding may invoke collateral estoppel to preclude the defendant form denying his criminal acts." Id., 875. CT Page 12144
Obviously, there are potential problems in basing one judgment on another which might be reversed, no matter how remote that possibility may seem to be, and the Restatement recognizes that as well. It recommends that a court faced with this issue consider avoiding it by staying proceedings in the second action to await the ultimate determination of the first action, "if the disposition will not be long delayed and especially if there is substantial doubt whether the judgment will be upheld". Restatement (Second), Judgments § 16, comment b (1982).
The plaintiff's conviction has been reviewed and affirmed by two appellate courts in lengthy, well-reasoned opinions. It is based on the finding by a jury, beyond a reasonable doubt, that he intentionally set the fire for which he is attempting to collect in this action. That finding came only after a long trial in which the plaintiff was represented by experienced counsel.[3] The court does not have any "substantial doubt [that] the judgment will be upheld". Moreover, these petitions having been filed just last year, it cannot be said that their "disposition will not be long delayed". This action, itself, has been pending for almost six years. No good reason suggests itself why its resolution should await the disposition of two recently filed collateral attacks on a judgment after trial which has been upheld by both appellate courts.
The criminal judgment in this case satisfies all the criteria suggested by the Restatement for determining finality in the application of issue preclusion (collateral estoppel). ". . . (T)hat the parties were fully heard, that the court supported its decision with a reasoned opinion, that the decision was subject to appeal or was in fact reviewed on appeal, are factors supporting the conclusion that the decision is final for the purpose of preclusion". Restatement (Second), Judgments § 13, Comment g. There is no reason why the defendant should be put to the expense and the judicial system should shoulder the burden of relitigating this issue.
Finally, in the event that the plaintiff should be successful in obtaining a new trial of the criminal charges, there are avenues available to him to open the judgment in this case. See ConnecticutSavings Bank v. Obenauf, 59 Conn. App. 351 (2000). Cf. Cusano v. BurgundyChevrolet, Inc., 55 Conn. App. 655 (1999). See generally Restatement (Second), Judgments § 16, comment c and the Reporter's Note thereto.
Accordingly, the court finds that the plaintiff's convictions for arson and murder collaterally estop him from litigating in this case whether he intentionally set the fire for which he seeks to recover under his CT Page 12145 policy. Since he has already been found to have set the fire, the policy is void as claimed in the second special defense. The motion for summary judgment is granted.
Judgment shall enter for the defendant.
BY THE COURT
Joseph M. Shortall, Judge