KAREN SANZO ET AL. *v.* DAVID SANZO ET AL.
(AC 33637)

Lavine, Sheldon and Bishop, Js.

Argued January 18—officially released July 31, 2012

*Houston Putnam Lowry,* with whom, on the brief, was *Julie A. Morgan,* for the appellants (plaintiffs).

*David Sanzo,* pro se, the appellee (named defendant).

*Opinion*

LAVINE, J. This appeal arises out of a foreclosure action brought by the plaintiffs, Karen Sanzo and Kathleen Sanzo, owners of a 53.33 percent interest in certain property, against the defendants David Sanzo, Frank Nenninger, Jr., and Patrick Benedetto,[1] the owners of a 46.67 percent interest in the property. The plaintiffs appeal from the judgment of the trial court in which, sua sponte, it modified its prior oral judgment rendered in open court ordering foreclosure by sale of the defendants' 46.67 percent interest in the property. The court modified this oral judgment in a subsequent written notice of judgment ordering foreclosure by sale of 100 percent of the property. On appeal, the plaintiffs claim that the trial court (1) improperly modified its initial judgment in violation of their due process rights and (2) abused its discretion in ordering a foreclosure by sale instead of a strict foreclosure. We conclude that the court lacked the authority to open and to modify

---

[1] The complaint also named Peter Sanzo, the state of Connecticut and AXA Equitable Life Insurance Company as defendants. The state of Connecticut and AXA Equitable Life Insurance Company were defaulted for failing to appear. Additionally, the plaintiffs withdrew the action against Peter Sanzo. We refer to David Sanzo, Frank Nenninger, Jr., and Patrick Benedetto as the defendants in this appeal. David Sanzo, however, is the only defendant who has participated in this appeal.

its initial judgment in the absence of a motion from one of the parties, and thus reverse the judgment of the trial court.

The following facts are undisputed. On July 22, 2005, the plaintiffs' and defendants' mother, Catherine Sanzo, died. Thereafter, the defendants held a 46.67 percent interest in property located at 340 Brownstone Ridge in Meriden and the plaintiffs held the remaining 53.33 percent interest. The city of Meriden filed liens for unpaid municipal taxes on the property for the years of 2006, 2007 and 2008 and for unpaid water and sewer charges for June and December, 2008, and June and December, 2009. On June 30, 2010, the city assigned the liens to the plaintiffs.

On September 15, 2010, the plaintiffs brought this action, as assignees of the liens, seeking to foreclose the defendants' 46.67 percent interest in the property by way of a strict foreclosure. The plaintiffs filed a motion for summary judgment as to liability only, which the court granted on March 7, 2011. On June 24, 2011, the court held a hearing on the issues of valuation of the property and whether the foreclosure should be strict or by sale. At the conclusion of the hearing, the court ordered that only the defendants' 46.67 percent interest in the property would be foreclosed by sale.[2]

---

[2] After stating that "the court makes the following findings of fact and conclusions of law," the court determined the value of the property, the total amount of debt, and reasonable appraisal, title search and attorney's fees. The court then ordered a foreclosure by sale and set a sale date, after which the following colloquy occurred:

"[David Sanzo]: Thank you. And Your Honor, it's my—I somewhat heard your conclusion, but of course you are much faster at this than I am. It is my understanding that 46 percent of this is going to auction?

"The Court: No, the house is going to auction.

"[The Plaintiffs' Counsel]: Well, we are only foreclosing 46 percent, Your Honor.

"The Court: Okay, they are only foreclosing 46 percent.

"[David Sanzo]: I'm sorry, Your Honor, I didn't hear that.

"The Court: *They are only foreclosing 46 percent. That's what they are asking for. That's what I am giving them.*

That same day, however, the court issued a modified written notice of judgment that stated: "There is a correction to the judgment entered in court. Since, this is a tax lien case, the foreclosure is not as to 46 [percent] of the property, but rather 100 [percent]."

I

The plaintiffs first claim that the court improperly revised its judgment by, sua sponte, modifying the judgment rendered in open court, and, thus, the court violated their due process rights by failing to give them notice and an opportunity to be heard. David Sanzo argues that, at the hearing on June 24, 2011, the plaintiffs were afforded an opportunity to be heard on the issue of whether the defendants' 46.67 percent interest in the property should be foreclosed or whether 100 percent of the property should be foreclosed.[3] We agree with the plaintiffs.

We first conclude that the oral ruling that the defendants' 46.67 percent interest would be foreclosed constituted a judgment. "A judgment is in fact rendered in a cause tried to the court when the trial judge officially announces his decision orally in open court, or, out of court, signifies orally or in a writing filed with the clerk in his official capacity the decision pronounced by him."

"[David Sanzo]: All right, Your Honor.

"The Court: All right." (Emphasis added.)

[3] David Sanzo also argues that there was no change between the court's oral ruling and its subsequent written order. In his brief, however, David Sanzo selectively quoted the court's statements in its oral ruling and omitted the court's statement that the plaintiffs "are only foreclosing 46 percent. That's what they are asking for. That's what I am giving them." See footnote 2 of this opinion. This language clearly indicates that the court ordered a foreclosure of the defendants' 46.67 percent interest in the property at the hearing on June 24, 2011. Therefore, the court's oral ruling and its subsequent written order—in which the court stated that "[t]here is a correction to the judgment entered in court" and that "the foreclosure is not as to 46 [percent] of the property, but rather 100 [percent]"—are inconsistent, and David Sanzo's argument is without merit.

*Bogaert* v. *Zoning Board of Appeals*, 162 Conn. 532, 535, 294 A.2d 573 (1972); see also *Zoning Commission* v. *Fairfield Resources Management, Inc.*, 41 Conn. App. 89, 101–102, 674 A.2d 1335 (1996). At the conclusion of the hearing on June 24, 2011, the court officially announced its decision that only the defendants' 46.67 percent interest in the property would be foreclosed. The court stated: "[The plaintiffs] are only foreclosing 46 percent. That's what they are asking for. That's what I am giving them." Moreover, by stating that the written order constituted a "correction" of the "judgment entered in court," the court acknowledged that its oral ruling was a judgment. See *State* v. *Denya*, 294 Conn. 516, 531, 986 A.2d 260 (2010) ("substantial deference is accorded to a court's interpretation of its own order").

The subsequent written notice of judgment, also entered on June 24, 2011, modified substantively the judgment rendered at the hearing by ordering a foreclosure of 100 percent of the property instead of only the defendants' 46.67 percent interest. See footnote 3 of this opinion. "[A]ny substantive modification of a judgment constitutes an opening of the judgment." *Kendall* v. *Amster*, 108 Conn. App. 319, 334, 948 A.2d 1041 (2008). Therefore, the written notice opened and modified the original judgment.

General Statutes § 52-212a and Practice Book § 17-4[4] govern the opening of judgments. Section 52-212a provides in relevant part: "Unless otherwise provided by law and except in such cases in which the court has continuing jurisdiction, a civil judgment or decree

---

[4] Practice Book § 17-4 (a) provides: "Unless otherwise provided by law and except in such cases in which the court has continuing jurisdiction, any civil judgment or decree rendered in the superior court may not be opened or set aside unless a motion to open or set aside is filed within four months succeeding the date on which notice was sent. The parties may waive the provisions of this subsection or otherwise submit to the jurisdiction of the court."

rendered in the Superior Court may not be opened or set aside unless a motion to open or set aside is filed within four months following the date on which it was rendered or passed. . . ."

In *Carabetta* v. *Carabetta,* 133 Conn. App. 732, 735–36, 38 A.3d 163 (2012), this court explained: "In general . . . the court does not act sua sponte, but acts only in response to the motion of a party. *Solomon* v. *Keiser,* 22 Conn. App. 424, 427, 577 A.2d 1103 (1990) ('[m]oreover, under General Statutes § 52-212 and Practice Book § 326 [now § 17-4], the court may open a judgment only upon motion of one of the parties'); see *Townsley* v. *Townsley,* 37 Conn. App. 100, 103, 654 A.2d 1261 (1995) ('[o]ur Supreme Court and this court have held that a court cannot on its own initiative decide a motion that was not presented by the parties')." See also *East Haven Builders Supply, Inc.* v. *Fanton,* 80 Conn. App. 734, 741–43, 837 A.2d 866 (2004) (court lacked authority to open and set aside judgment because no party filed motion to open and parties did not consent to opening of judgment).

In *Townsley,* the issue was "whether the trial court improperly opened the dissolution judgment as to all issues when the plaintiff's motion to open was for a limited discrete purpose." *Townsley* v. *Townsley,* supra, 37 Conn. App. 101. After explaining that "a court cannot on its own initiative decide a motion that was not presented by the parties," this court stated that "[t]he purpose of requiring written motions is not only the orderly administration of justice . . . but the fundamental requirement of due process of law." (Internal quotation marks omitted.) Id., 103. The court concluded that "the defendant was not afforded due process because he was not notified that the court was considering opening the judgment as to all issues, nor was he given a reasonable opportunity to be heard . . . ." Id., 104.

In this case, we conclude that because none of the parties filed a motion to open, the court lacked the authority to modify substantively the judgment rendered at the hearing on June 24, 2011.[5] Moreover, as argued by the plaintiffs, the court failed to provide notice of or an opportunity to be heard on its decision to open and to modify its judgment. See *Von Kohorn* v. *Von Kohorn*, 132 Conn. App. 709, 716, 33 A.3d 809 (2011) (trial court "lacked any authority to make substantive changes pursuant to General Statutes § 52-212a or Practice Book §§ 17-4 and 11-11 because the court did not grant reargument of the terms of the alimony orders"). We cannot conclude that the fact that the court opened and modified its oral judgment on the same day that it initially was rendered should warrant a different conclusion.

## II

The plaintiffs next claim that the court abused its discretion in ordering a foreclosure by sale instead of a strict foreclosure because the amount of the debt exceeds the value of the defendants' interest in the property. By arguing that the debt exceeds the value of *the defendants' interest in the property,* the plaintiffs are challenging the underlying judgment rendered at the hearing on June 24, 2011, in which the court ordered

---

[5] In contrast, "[a] court may correct a clerical error at any time . . . ." (Internal quotation marks omitted.) *Cusano* v. *Burgundy Chevrolet, Inc.,* 55 Conn. App. 655, 659, 740 A.2d 447 (1999), cert. denied, 252 Conn. 942, 747 A.2d 519 (2000). "A clerical error is a mistake or omission in a judgment which is not the result of the judicial function. Such a claimed error does not challenge the court's ability to reach the conclusion that it did reach, but involves the failure to preserve or correctly represent in the record the actual decision of the court." (Internal quotation marks omitted.) Id. Similarly, "[w]hen an ambiguity in the language of a prior judgment has arisen as a result of postjudgment events . . . a trial court may, at any time, exercise its continuing jurisdiction to effectuate its prior [judgment] . . . by interpreting [the] ambiguous judgment and entering orders to effectuate the judgment as interpreted . . . ." (Internal quotation marks omitted.) *Mickey* v. *Mickey,* 292 Conn. 597, 604, 974 A.2d 641 (2009).

a foreclosure by sale of the defendants' 46.67 percent interest. The plaintiffs, however, appealed from the judgment of the court opening the underlying judgment and ordering a foreclosure of 100 percent of the property. Accordingly, the issue of whether the court abused its discretion in ordering a foreclosure by sale in the underlying judgment is not properly before us; see *Cusano* v. *Burgundy Chevrolet, Inc.*, 55 Conn. App. 655, 658 n.4, 740 A.2d 447 (1999), cert. denied, 252 Conn. 942, 747 A.2d 519 (2000); *Madison Hills Ltd. Partnership* v. *Madison*, 38 Conn. App. 168, 170, 659 A.2d 744 (1995); and any resolution of that issue must await further proceedings.

The trial court's written modification of the judgment rendered at the hearing on June 24, 2011 is reversed and the case is remanded with direction to reinstate the original judgment and for further proceedings as may be appropriate.

In this opinion the other judges concurred.