******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

# U.S. BANK NATIONAL ASSOCIATION, TRUSTEE *v.*
# FRANK V. RAGO ET AL.
## (AC 43761)

Prescott, Moll and Flynn, Js.

*Syllabus*

The plaintiff bank sought to foreclose a mortgage on certain real property owned by the defendants, F and L, following their default on a promissory note secured by the mortgage. The trial court granted the plaintiff's motion for summary judgment as to liability against the defendants and rendered a judgment of strict foreclosure. The trial court later vacated the summary judgment rendered against L only, as he was a nonappearing party. Thereafter, the trial court granted the plaintiff's motion for default against L for failure to plead. On L's appeal from the judgment of strict foreclosure, this court affirmed the judgment and remanded the matter for the purpose of setting new law days. Thereafter, the plaintiff filed a motion to reset the law days. It later filed an updated affidavit of debt, a new appraisal of the property, and an affidavit of the appraiser, although it did not file an accompanying motion requesting that the trial court update the amount of the debt or the fair market value of the property. Following a short calendar proceeding on the motion, which the defendants did not attend as they were not provided with notice, the trial court issued an order reopening, modifying and reentering the judgment of strict foreclosure to increase both the amount of the debt and the fair market value of the property. It also set new law days. On F's appeal to this court, *held* that the trial court erred in rendering the subsequent judgment of strict foreclosure by making updated findings sua sponte and without providing the parties with adequate notice and an opportunity to be heard: the plaintiff's motion sought only to reset the law days in accordance with this court's remand order, and the trial court exceeded the scope of that motion and the remand order by modifying the judgment to substitute updated fair market value and debt findings; moreover, F was not afforded due process in connection with the trial court's making of the updated findings because he was not notified that the court was considering modifying the judgment in such a manner; accordingly, this court remanded the case with direction to reinstate the original judgment and for the purpose of setting new law days.

Argued October 4, 2021—officially released October 25, 2022

*Procedural History*

Action to foreclose a mortgage on certain real property owned by the defendants, and for other relief, brought to the Superior Court in the judicial district of Fairfield, where the court, *Hon. Alfred J. Jennings, Jr.*, judge trial referee, granted the plaintiff's motion for summary judgment as to liability and rendered judgment of strict foreclosure; thereafter, the court, *Hon. Alfred J. Jennings, Jr.*, judge trial referee, vacated the summary judgment rendered against the defendant Louis A. Rondinello; subsequently, the court, *Hon. Alfred J. Jennings, Jr.*, judge trial referee, granted the plaintiff's motion for default against the defendant Louis A. Rondinello for failure to plead; thereafter, the defendant Louis A. Rondinello appealed from the judgment of strict foreclosure to this court, *Prescott, Elgo* and *Pellegrino, Js.*, which affirmed the judgment, and the case was remanded for the purpose of setting new law days; subsequently, the plaintiff filed a motion to reset

the law days; thereafter, the court, *Spader, J.*, opened and modified the judgment and rendered a judgment of strict foreclosure, from which the named defendant appealed to this court. *Reversed*; *judgment directed.*

*Brian E. Lambeck*, for the appellant (named defendant).

*Kevin C. Sandberg*, for the appellee (plaintiff).

*Opinion*

MOLL, J. This matter returns to us following our decision in *U.S. Bank National Assn.* v. *Rago*, 189 Conn. App. 902, 203 A.3d 718 (2019), in which this court, by memorandum decision, affirmed a judgment of strict foreclosure rendered in favor of the plaintiff, U.S. Bank National Association, as trustee for the C-BASS Mortgage Loan Asset-Backed Certificates, Series 2007-MX1, and remanded the case "for the purpose of setting new law days." Id. The defendant Frank V. Rago[1] now appeals from the trial court's subsequent judgment of strict foreclosure rendered, on remand, in favor of the plaintiff. On appeal, the defendant claims, inter alia, that the court, in rendering the subsequent judgment of strict foreclosure, improperly exceeded the scope of the remand order in opening the judgment and making updated findings, sua sponte and without providing to the parties adequate notice and an opportunity to be heard, with respect to the fair market value of the property and the amount of the debt at issue.[2] We agree, and, accordingly, we reverse the judgment of the trial court.

The record reveals the following facts. On June 23, 2006, the defendant and Louis A. Rondinello promised to pay the principal sum of $380,000 payable with interest to Chase Bank USA, N.A., as provided in a promissory note. To secure the note, the defendant and Rondinello executed a mortgage on real property located at 1392–1398 South Avenue in Stratford (property), of which they are the owners of record. The mortgage deed, which is conditioned on the payment of the note and the performance of certain covenants and other conditions, was recorded on July 25, 2006, in the Stratford land records. Following certain assignments, the plaintiff became, and remains, the current holder of the note and mortgage. The payments of principal and interest due on December 1, 2011, and each and every month thereafter, have not been made. Accordingly, the plaintiff exercised its option to declare the entire balance on the note due and payable.

On November 2, 2015, the plaintiff commenced this foreclosure action. On March 3, 2016, the defendant filed his answer, in which he acknowledged that he and Rondinello were the current owners of the property and were in possession thereof. On August 15, 2016, the plaintiff filed a motion for summary judgment as to liability only, with an accompanying memorandum of law and exhibits, against the defendant and Rondinello. On September 11, 2017, the trial court, *Hon. Alfred J. Jennings, Jr.*, judge trial referee, granted the plaintiff's motion for summary judgment against both the defendant and Rondinello.[3] On October 27, 2017, the plaintiff filed a motion for judgment of strict foreclosure, which the court granted on December 11, 2017. In rendering the original judgment of strict foreclosure, the court found, inter alia, the fair market value of the

property to be $280,000 and the amount of the debt to be $627,647.93.[4]

On January 3, 2018, Rondinello appealed from the original judgment of strict foreclosure. On April 2, 2019, this court affirmed the judgment and, in a memorandum decision, remanded the case "for the purpose of setting new law days." Id.

On October 2, 2019, the plaintiff filed, pursuant to Practice Book § 17-10,[5] a motion titled "Motion to Reset Law Days." In that motion, the plaintiff did not request that the court update the findings as to the fair market value of the property or the amount of the debt, as set forth in the original judgment of strict foreclosure. Nevertheless, on October 17, 2019, the plaintiff filed, without any accompanying motion, inter alia, (1) an affidavit of debt, which included an updated calculation of the defendant's debt,[6] (2) a new appraisal of the property, which included an updated fair market value of the property, and (3) an affidavit of the appraiser.

The plaintiff's motion to reset the law days appeared on the October 21, 2019 short calendar; the plaintiff marked it "ready" and appeared accordingly before the court, *Spader*, *J.*, on October 21, 2019. The defendant did not attend the short calendar proceeding. See footnote 2 of this opinion. That same day, the court issued an order stating in relevant part that the "[j]udgment of strict foreclosure is hereby reopened, modified and reentered as follows: Debt: $727,162.61 . . . Fair Market Value: $320,000." The result of this modified judgment was to increase the amount of the debt from $627,647.93, as found by Judge Jennings, to $727,162.61 and to increase the fair market value from $280,000, as found by Judge Jennings, to $320,000. The court also set new law days to commence on November 26, 2019. On November 12, 2019, the defendant filed a motion to reargue the October 21, 2019 order, claiming not to have received notice of the plaintiff's short calendar "ready" marking. On December 10, 2019, the court denied the defendant's motion to reargue.[7] This appeal followed.[8]

The defendant claims on appeal that the court improperly exceeded the scope of this court's remand order in *Rago* by making updated findings, sua sponte, regarding the fair market value of the property and the amount of the debt at issue. The plaintiff responds that the court properly performed its equitable function in making updated findings regarding the debt and fair market value of the property to confirm that strict foreclosure, as opposed to foreclosure by sale, was still appropriate. We agree with the defendant that the court erred in making updated findings sua sponte and without providing to the parties adequate notice and an opportunity to be heard.

We begin by setting forth the applicable standard of

review and relevant legal principles. Determining the scope of a remand is a question of law over which our review is plenary. *State* v. *Tabone*, 301 Conn. 708, 713–14, 23 A.3d 689 (2011). "Well established principles govern further proceedings after a remand by this court. In carrying out a mandate of this court, the trial court is limited to the specific direction of the mandate as interpreted in light of the opinion. . . . This is the guiding principle that the trial court must observe. . . . It is the duty of the trial court on remand to comply strictly with the mandate of the appellate court according to its true intent and meaning. . . . The trial court should examine the mandate and the opinion of the reviewing court and proceed in conformity with the views expressed therein. . . . *We have rejected efforts to construe our remand orders so narrowly as to prohibit a trial court from considering matters relevant to the issues upon which further proceedings are ordered that may not have been envisioned at the time of the remand. . . . So long as these matters are not extraneous to the issues and purposes of the remand, they may be brought into the remand hearing.*" (Emphasis altered; internal quotation marks omitted.) *TDS Painting & Restoration, Inc.* v. *Copper Beech Farm, Inc.*, 73 Conn. App. 492, 506–507, 808 A.2d 726, cert. denied, 262 Conn. 925, 814 A.2d 379 (2002).

Mindful of the foregoing principles, we recognize that updating prior findings concerning fair market value and the amount of debt at issue can serve important policy reasons that are not extraneous to the purposes of a remand in the foreclosure context. Depending on the circumstances, such updated findings may inure to the benefit of the lender, the borrower, or both. Most notably, changes in such findings based on a sufficient evidentiary showing may inform the court that a judgment of strict foreclosure should be opened and substituted with a judgment of foreclosure by sale.[9] See *Toro Credit Co.* v. *Zeytoonjian*, 341 Conn. 316, 330, 267 A.3d 71 (2021) ("foreclosure by sale is the preferred 'decree' in situations in which the property's fair market value exceeds the debt"); *US Bank National Assn.* v. *Christophersen*, 179 Conn. App. 378, 394, 180 A.3d 611 ("when the value of the property substantially exceeds the value of the lien being foreclosed, the trial court abuses its discretion when it refuses to order a foreclosure by sale" (internal quotation marks omitted)), cert. denied, 328 Conn. 928, 182 A.3d 1192 (2018). In addition, an updated judicial finding concerning the amount of the debt owed to the plaintiff affects the right to redeem. See *Ocwen Federal Bank, FSB* v. *Charles*, 95 Conn. App. 315, 323, 898 A.2d 197 ("[a] decree of strict foreclosure finds the amount due under the mortgage, orders its payment within a designated time and provides that should such payment not be made, the debtor's right and equity of redemption will be forever barred and foreclosed" (emphasis omitted; internal quotation

marks omitted)), cert. denied, 279 Conn. 909, 902 A.2d 1069 (2006); see also Practice Book § 23-17 (b) (1). Therefore, especially because "foreclosure is peculiarly an equitable action"; (internal quotation marks omitted) *U.S. Bank National Assn.* v. *Rothermel*, 339 Conn. 366, 374, 260 A.3d 1187 (2021); it is not difficult to conceive of a post-remand posture in which, on a proper motion with an evidentiary showing and due notice and an opportunity to be heard, such findings could be made and deemed "not extraneous to the issues and purposes of the remand"; (internal quotation marks omitted) *TDS Painting & Restoration, Inc.* v. *Copper Beech Farm, Inc.*, supra, 73 Conn. App. 507; notwithstanding a prior affirmance of a judgment of strict foreclosure and an attendant remand for the purpose of setting new law days.

In the present case, the question remains, therefore, whether the trial court erred in making such updated findings sua sponte and without providing to the parties adequate notice and an opportunity to be heard. We conclude that it did.

This court's decision in *Townsley* v. *Townsley*, 37 Conn. App. 100, 103, 654 A.2d 1261 (1995), is instructive. In *Townsley*, a marital dissolution action, the plaintiff filed a motion to open a judgment for the limited purpose of either suspending her obligation to make the first of four installment payments in accordance with the dissolution judgment or allowing her to deposit that payment into an escrow account. Id., 102. The court opened the judgment, however, "as to all issues except the dissolution itself." Id. On appeal, this court held that the trial court erred in opening the judgment as to all issues because "the defendant was not afforded due process because he was not notified that the court was considering opening the judgment as to all issues . . . ." Id., 104. The situation in the present case is analogous to that in *Townsley* in that the plaintiff filed a motion seeking only to reset the law days in accordance with our remand order, and the court exceeded the scope of that motion and our remand by modifying the judgment, sua sponte and without adequate notice to the parties, to substitute updated fair market value and debt findings. Furthermore, akin to the defendant in *Townsley*, the defendant in the present case did not have notice that the court was considering modifying the judgment in such a manner. This contravenes the long-standing principle that "no matter shall be decided unless the parties have fair notice that it will be presented in sufficient time to prepare themselves upon the issue." (Internal quotation marks omitted.) *Urich* v. *Fish*, 58 Conn. App. 176, 181, 753 A.2d 372 (2000).

In sum, on the basis of the notice considerations rooted in due process as articulated in *Townsley* and its progeny, we conclude that the court erred in making updated findings, sua sponte and without providing to

the parties adequate notice and an opportunity to be heard, concerning the fair market value of the property and the amount of debt.[10]

The judgment is reversed and the case is remanded with direction to reinstate the original judgment and for the purpose of setting new law days.

In this opinion the other judges concurred.

[1] Although the plaintiff's complaint also named Louis A. Rondinello as a defendant, Rondinello was defaulted for failure to plead and is not participating in this appeal. See footnote 3 of this opinion. For the sake of simplicity, we refer in this opinion to Frank V. Rago as the defendant and to Rondinello by name.

[2] The defendant embeds this claim within his primary claim on appeal that the plaintiff failed to provide proper notice to him regarding its short calendar " 'ready' " marking of its motion to reset the law days pursuant to Practice Book § 17-10. The defendant also claims that the court erred in denying his motion to reargue the October 21, 2019 judgment of strict foreclosure. In light of our conclusion herein, we need not address these other claims of error.

[3] On November 9, 2017, the court issued a revised ruling on the plaintiff's motion for summary judgment as to liability only, vacating the summary judgment rendered against Rondinello because Rondinello was then a nonappearing party who had not (yet) been defaulted. The summary judgment rendered against the defendant remained in effect. On November 20, 2017, Rondinello filed an appearance through counsel. Thereafter, on December 6, 2017, the plaintiff filed a motion for default against Rondinello for failure to plead, which the court granted on December 11, 2017.

[4] We note that, in the original judgment of strict foreclosure, the property was identified as 1392 South Avenue, Stratford, Connecticut, a description that went undisturbed in the subsequent judgment of strict foreclosure and that is not challenged on appeal. Several documents, however, including the complaint and answer, the original appraisal, and the assignment of the mortgage, describe the property as 1392–1398 South Avenue, Stratford, Connecticut. The November 6, 2017 appraiser affidavit identifies the property as "the commercial premises known as 1392–1398 South Avenue, also known as 1392 South Avenue, Stratford, Connecticut."

[5] Practice Book § 17-10, titled "Modifying Judgment after Appeal," provides: "If a judgment fixing a set time for the performance of an act is affirmed on appeal by the Supreme Court and such time has elapsed pending the appeal, the judicial authority which rendered the judgment appealed from may, on motion and after due notice, modify it by extending the time."

[6] The plaintiff acknowledges in its appellate brief that it did not timely send a copy of the affidavit of debt to the defendant, either electronically or by mail.

[7] In denying the motion to reargue, which was pending at the time the law days were set in the October 21, 2019 order, the court set new law days to commence on January 14, 2020. The defendant filed this appeal on December 31, 2019.

[8] On February 10, 2020, the plaintiff filed a motion to terminate the appellate stay. On March 4, 2020, the trial court granted that motion. On June 18, 2020, this court granted the defendant's timely motion for review of termination of stay and granted the relief requested therein, thereby vacating the order terminating the stay.

[9] We recognize that the question of whether, on remand from a decision by this court affirming a judgment of strict foreclosure and remanding the case for the purpose of setting new law days, a trial court may entertain a motion to open the judgment for the purpose of ordering a foreclosure by sale instead of a strict foreclosure was addressed almost thirty years ago in *Connecticut National Bank* v. *Zuckerman*, 31 Conn. App. 440, 441, 624 A.2d 1163 (1993). By way of background, in *Zuckerman*, in a prior appeal, this court affirmed the trial court's denial of a motion to open a judgment of strict foreclosure and remanded the case "for the purpose of setting new law days." *Connecticut National Bank* v. *Zuckerman*, 29 Conn. App. 541, 546, 616 A.2d 814 (1992). On remand, the plaintiff filed a motion to modify the judgment for the limited purpose of setting new law days, whereupon the defendants filed a motion to modify the judgment of strict foreclosure, seeking, instead, a foreclosure by sale. *Connecticut National Bank* v. *Zuckerman*, supra, 31 Conn. App. 441. The trial court granted the plaintiff's motion,

denied the defendants' motion, and set new law days. Id. The defendants appealed therefrom. Id.

On appeal, this court rejected the defendants' claim that "the court had an option to deviate from our direction and, instead, order foreclosure by sale." Id. This court reasoned that "[i]t is well settled that on a remand from an appellate court, a trial court cannot deviate from the directions given by the appellate court." Id.; see also id., 441–42 (collecting cases). This court further stated that "the trial court . . . could not have taken any action on remand other than to set new law days . . . ." Id., 442.

Considering the sound policy reasons supporting a trial court's post-remand fact-finding to update prior findings concerning fair market value and the amount of debt at issue, we have concerns that this court wrongly decided *Zuckerman*, which this court may wish to revisit en banc in an appropriate case. See *Consiglio* v. *Transamerica Ins. Group*, 55 Conn. App. 134, 138 n.2, 737 A.2d 969 (1999) ("[T]his court's policy dictates that one panel should not, on its own, [overrule] the ruling of a previous panel. The [overruling] may be accomplished only if the appeal is heard en banc."). The court need not do so in the present appeal, however, in light of our holding that it was error for the trial court to make such updated findings concerning fair market value and the amount of the debt in the absence of either (1) a motion to open the judgment for such purpose or (2) notice to the parties of the court's intention to update such findings and an opportunity to be heard thereon following such notice.

[10] We note that the plaintiff argued in its appellate brief that this appeal is moot because, regardless of whether the defendant prevails in this court, he "effectively gets what he seeks," namely, an opportunity on remand for argument on the motion to reset the law days. The plaintiff expressly abandoned its mootness claim during oral argument before this court. Because a reversal of the judgment negates the updated findings as explained in this opinion, we reject the plaintiff's mootness claim in any event.

---